**LITE DEPALMA GREENBERG, LLC**
Allyn Z. Lite
Michael E. Patunas
Mayra V. Tarantino
Two Gateway Center, Suite 1201
Newark, New Jersey 07102
(973) 623-3000
alite@litedepalma.com
mpatunas@litedepalma.com
mtarantino@litedepalma.com

*Attorneys for Defendants Ranbaxy Pharmaceuticals, Inc.,*
*Ranbaxy Laboratories, Ltd., Ranbaxy Laboratories, Inc.,*
*Ranbaxy, Inc. and Ranbaxy USA*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Francis Fenwick, et al. and Edward Safran, Individually and on behalf of all others similarly situated | : : : : | |
| Plaintiffs | : : | Civil Action No. 12-7354 (PGS)(DEA) |
| vs. | : : : | |
| Ranbaxy Pharmaceuticals, Inc., Ranbaxy Laboratories, Ltd., Ranbaxy Laboratories, Inc., Ranbaxy, Inc., Ranbaxy USA, Daiichi Sankyo Company Ltd., Ohm Laboratories, Express Scripts Inc., Express Scripts Holding Company, Medco Health Solutions, Inc., ABC Corporations 1-10, and John Does 1-10, | : : : : : : : : : | **CERTIFICATION OF MICHAEL E. PATUNAS IN SUPPORT OF ADMISSION** *PRO HAC VICE* |
| Defendants. | : | |

      **MICHAEL E. PATUNAS**, of full age, certifies as follows:

      1.      I am an attorney at law of the State of New Jersey, a member in good standing of the bar of this Court, and a member of the firm of Lite DePalma Greenberg, LLC, located at Two Gateway Center, Suite 1201, Newark, New Jersey 07102, co-counsel for Defendants Ranbaxy Pharmaceuticals, Inc., Ranbaxy Laboratories, Ltd., Ranbaxy Laboratories, Inc., Ranbaxy, Inc.

and Ranbaxy USA ("Ranbaxy") in this matter.  As such, I have personal knowledge of the facts set forth herein.

     2.     I make this Certification in support of Ranbaxy's application to admit *pro hac vice* Jay P. Lefkowitz, Matthew F. Dexter, Michael D. Shumsky and Steven Menashi as counsel for Ranbaxy.

     3.     Jay P. Lefkowitz is a partner with the firm of Kirkland & Ellis LLP, located at 601 Lexington Avenue, New York, New York 10022.

     4.     Mr. Lefkowitz has advised me that he is a member in good standing of the bars of the State of New York; the District of Columbia; the United States Supreme Court; the United States Tax Court; the United States District Court for the Southern District of New York; the United States District Court for the District of Columbia; the United States District Court for the Eastern District of Michigan; the United States District Court for the Eastern District of New York; the United States District Court for the Eastern District of Wisconsin; the United States District Court for the District of Colorado; the United States Court of Appeals for the Federal Circuit; the United States Court of Appeals for the District of Columbia Circuit; the United States Court of Appeals for the Second Circuit; the United States Court of Appeals for the Third Circuit; the United States Court of Appeals for the Fourth Circuit; the United States Court of Appeals for the Fifth Circuit; the United States Court of Appeals for the Eighth Circuit; the United States Court of Appeals for the Ninth Circuit; the United States Court of Appeals for the Tenth Circuit; and the United States Court of Appeals for the Eleventh Circuit.  He is not under suspension, nor has he ever been suspended or disbarred from any Court.  Mr. Lefkowitz is fully familiar with the facts of this case.

349231.1

5. There is good cause for the *pro hac vice* admission of Mr. Lefkowitz as he is familiar with the facts, issues, and pleadings in this action and no delay in the conduct of the proceedings would be occasioned by his acting as attorney for Ranbaxy in this matter.

6. Matthew F. Dexter is a partner with the firm of Kirkland & Ellis LLP, located at 601 Lexington Avenue, New York, New York 10022.

7. Mr. Dexter has advised me that he is a member in good standing of the bars of the State of New York; the United States District Court for the Southern District of New York; and the United States District Court for the District of Colorado. He is not under suspension, nor has he ever been suspended or disbarred from any court. Mr. Dexter is fully familiar with the facts of this case.

8. There is good cause for the *pro hac vice* admission of Mr. Dexter as he is familiar with the facts, issues, and pleadings in this action and no delay in the conduct of the proceedings would be occasioned by his acting as attorney for Ranbaxy in this matter.

9. Michael D. Shumsky is a partner with the firm of Kirkland & Ellis LLP, located at 655 Fifteenth Street, N.W., Washington, D.C. 20005.

10. Mr. Shumsky has advised me that he is a member in good standing of the bars of the District of Columbia; the State of Connecticut; the United States Supreme Court; the United States Court of Appeals for the Fourth Circuit; the United States Court of Appeals for the Second Circuit; the United States Court of Appeals for the D.C. Circuit; the United States Court of Appeals for the Federal Circuit; the United States Court of Appeals for the Seventh Circuit; the United States Court of Appeals for the Ninth Circuit; and the United States District Court for the District of Columbia. He is not under suspension, nor has he ever been suspended or disbarred from any court. Mr. Shumsky is fully familiar with the facts of this case.

11. There is good cause for the *pro hac vice* admission of Mr. Shumsky as he is familiar with the facts, issues, and pleadings in this action and no delay in the conduct of the proceedings would be occasioned by his acting as attorney for Ranbaxy in this matter.

12. Steven Menashi is an associate with the firm of Kirkland & Ellis LLP, located at 601 Lexington Avenue, New York, New York 10022.

13. Mr. Menashi has advised me that he is a member in good standing of the bars of State of New York and the District of Columbia; the United States District Court for the Southern District of New York; and the United States District Court for the District of Colorado. He is not under suspension, nor has he ever been suspended or disbarred from any court. Mr. Menashi is fully familiar with the facts of this case.

14. There is good cause for the *pro hac vice* admission of Mr. Menashi as he is familiar with the facts, issues, and pleadings in this action and no delay in the conduct of the proceedings would be occasioned by his acting as attorney for Ranbaxy in this matter.

15. Pursuant to Rule 101.1(c)(4) of the Local Civil Rules, my firm will appear in this action, including all court appearances on behalf of Ranbaxy and agrees to accept service of all notices, orders and pleadings in this action. I or an attorney from my firm will sign and file all pleadings, enter all appearances, sign all stipulations, and other such documents in this matter. I agree to be responsible for the conduct of the above-named counsel should they be admitted *pro hac vice*.

16. I will make certain that the attorney to be admitted *pro hac vice* in this case will comply with Local Civil Rule 101.1(c).

17. Counsel for Plaintiffs have advised me that they consent to the *pro hac vice* admission of the above-named counsel.

349231.1

18.     Accordingly, I respectfully request that this Court enter an Order admitting Jay P. Lefkowitz, Matthew F. Dexter, Michael D. Shumsky and Steven Menashi *pro hac vice* in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: February 21, 2013           */s/ Michael E. Patunas*
                                        Michael E. Patunas

349231.1