# PT PATUNAS TARANTINO LLC

RECEIVED
MAR 29 2016
AT 8:30_____M
WILLIAM T. WALSH
CLERK

*ORDER*

Michael E. Patunas
mpatunas@patunaslaw.com

March 23, 2016

RECEIVED
MAR 24 2016
DOUGLAS E. ARPERT
U.S. MAGISTRATE JUDGE

**VIA ECF**

Hon. Douglas E. Arpert, U.S.M.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *Fenwick, et al. v. Ranbaxy Laboratories, LTD., et al.*
              Civil Action No. 3:12-cv-7354 (PGS)(DEA)

Dear Judge Arpert:

      We represent Defendants in the above-captioned litigation. Defendants write to request a clarification of the Pretrial Scheduling Order entered by the Court on March 16, 2016 ("Scheduling Order"). (Dkt. 71.)

      Before this case was reinstated on the active docket, the parties had negotiated and agreed on a joint discovery plan, which Plaintiffs submitted to the Court on March 14, 2016. As part of that plan, the parties proposed that class discovery and merits discovery would proceed in staggered phases. That is, the parties agreed that they "will first conduct fact and expert discovery on whether class certification is appropriate under Fed. R. Civ. P. 23"; that "[f]ollowing completion of class discovery, plaintiffs will file a motion for class certification"; and that "[i]n the event the Court grants that motion and certifies the class, the parties will . . . jointly propose a schedule for merits discovery and any other remaining pre-trial deadlines." (Proposed Joint Discovery Plan at 8.)

      The Scheduling Order appears to provide for such staggered discovery by, for example, directing parties to "serve initial written discovery o[n] *class related issues* by May 20, 2016." (Dkt. 71 at 1 ¶ 4 (emphasis added).) Elsewhere, however, the Order does not appear to provide for additional merits discovery that would take place after class discovery, in the event the Court were to certify a class. (*See id.* at 2 ¶ 8 ("The parties must complete fact discovery, including depositions, by December 22, 2016. *No discovery is to be issued or conducted after this date.*") (emphasis added).) To avoid any ambiguity in the schedule, Defendants thus respectfully request that the Court clarify whether the parties will be permitted to proceed to merits discovery only in the event the Court were to certify a class, or whether all discovery (class and merits) must be completed by a certain deadline.

24 Commerce Street, Suite 606, Newark, New Jersey 07102 • P: (973) 396-8740 • F: (973) 396-8743



Hon. Douglas E. Arpert, U.S.M.J.
March 23, 2016
Page 2

      We appreciate the Court's consideration, and remain available at the Court's request to provide the Court with any additional information.

                                  Respectfully,

                                  /s/ *Michael E. Patunas*

                                  Michael E. Patunas

cc: Barry Gainey, Esq. (via ECF)

---

*[Handwritten note:]* * The deadline of December 22, 2016 relates to "class related" fact discovery. No deadline has been set for "merits discovery". The subject of scheduling "merits discovery" will be discussed during the status conference on June 15, 2016

*So Ordered —*
*[signature]* USMJ