**PATUNAS TARANTINO LLC**
Michael E. Patunas
Mayra V. Tarantino
24 Commerce Street, Suite 606
Newark, NJ 07102
(973) 396-8740
mpatunas@patunaslaw.com
mtarantino@patunaslaw.com

**KIRKLAND & ELLIS LLP**
Jay P. Lefkowitz, P.C. (*pro hac vice*)
Devora Allon (*pro hac vice*)
Dmitriy Tishyevich (*pro hac vice*)
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

*Attorneys for Defendants Ranbaxy Inc.,*
*Ranbaxy Laboratories Limited, and Ranbaxy*
*Pharmaceuticals Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRANCIS FENWICK et al.,<br><br>                    Plaintiffs,<br><br>     - against -<br><br>RANBAXY PHARMACEUTICALS INC. et al.,<br><br>                    Defendants. | Case No. 3:12-cv-07354-PGS-DEA |

**DECLARATION OF MICHAEL E. PATUNAS IN SUPPORT**
**OF DISCOVERY CONFIDENTIALITY ORDER**

I, Michael E. Patunas, declare as follows:

1.      I am a member of the firm Patunas Tarantino LLC, co-counsel for Defendants

Ranbaxy Pharmaceuticals Inc., Ranbaxy Laboratories Ltd., Ranbaxy Laboratories, Inc.,

Ranbaxy, Inc., Ranbaxy USA, and Ohm Laboratories (collectively, "Ranbaxy") in the above-captioned matter.

2. I make this Declaration pursuant to Local Civil Rule 5.3(b)(2) in support of the parties' request for the entry of the proposed Discovery Confidentiality Order in this matter.

3. Counsel for the parties in this action have reached agreement on the need for the entry of a proposed Discovery Confidentiality Order to cover information, documents, and things to be produced by the parties during the course of discovery in this action, with the intention of governing the disclosure of proprietary, commercial, trade secret and other confidential information, documentation, and things.

4. There is good cause for entry of the proposed Discovery Confidentiality Order as an order of the Court. *See* Fed. R. Civ. P. 26(c); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772. 786 (3d Cir. 1994). Ranbaxy anticipates that discovery in this matter will require the production of information, documents, and things that contain proprietary, commercial, private, trade secret and/or other confidential information, potentially including but not limited to technical, research, and development information, manufacturing details, regulatory submissions, and marketing strategy, business plans, and sales information.

5. Upon information and belief, Ranbaxy believes it would suffer substantial and specific harm should any of the categories of proprietary, commercial, and/or confidential information or documentation enumerated in Paragraph 4 above be disclosed in contravention of the terms of the proposed Discovery Confidentiality Order, and should limitation on any such disclosure not be enforceable as an order of this Court. Such harm may include, but is not limited to, potential financial damage through the divulgence of trade secrets or other proprietary

2

information, damage to business relationships, damage to the value of respective trade secrets and confidential research, development, and technology, and/or other irreparable harm.

6.   Ranbaxy believes that the entry of the proposed Discovery Confidentiality Order will promote a free exchange of documents and information, will greatly diminish the involvement of the Court in discovery proceedings, and will move this case along more rapidly and at less cost.  Accordingly, Ranbaxy also believes that legitimate private and public interests warrant the entry of the proposed Discovery Confidentiality Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED:  April 15, 2016                             */s/ Michael E. Patunas*
                                                  Michael E. Patunas