UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

——————————————————————X
                              :
FRANCIS FENWICK, EDWARD SAFRAN, STEVE  :
HARDING, MARY WARDRETT, AND LINDA YOUNG,  :
Individually and on behalf of all others similarly situated,  :
                              :
               Plaintiffs,           :
                              :    Civil Action No.:
          vs.                  :    12-CV-07354-PGS-DEA
                              :
RANBAXY PHARMACEUTICALS, INC., RANBAXY  :
LABORATORIES, LTD., RANBAXY LABORATORIES,  :
INC., RANBAXY, INC., RANBAXY USA, OHM  :
LABORATORIES, ABC CORPORATIONS 1-10,  :
AND JOHN DOES 1-10,  :
                              :
               Defendants.     :
——————————————————————X

---

**EXHIBITS TO PLAINTIFFS' SUBMISSION ON DISCOVERY DISPUTES**

**VOLUME I of III**

**EXHIBITS 1 THROUGH 18**

---

**GAINEY McKENNA & EGLESTON**
**95 Route 17 South, Suite 310**
**Paramus, New Jersey 07652**
*Barry J. Gainey, Esq. (7560)*
*Attorneys for Plaintiffs*

| | |
|---|---|
| Exhibit 1 | Plaintiffs' Interrogatories and Defendants' Answers |
| Exhibit 2 | Plaintiffs' RPD to Defendants and Defendants' Responses |
| Exhibit 3 | Defendants' Supplemental Interrogatory Answers |
| Exhibit 4 | Defendants' Letter with Documents (August 12, 2016) |
| Exhibit 5 | Defendants' Interrogatory Answer to No. 5 and Supplemental Answer |
| Exhibit 6 | Defendants' Interrogatory Answer to No. 6 |
| Exhibit 7 | Defendants' Interrogatory Answer to No. 8 |
| Exhibit 8 | Defendants' Interrogatory Answer to No. 19 and Supplemental Answer |
| Exhibit 9 | Defendants' Interrogatory Answer to No. 12 |
| Exhibit 10 | Defendants' Interrogatory Answer to No. 13 |
| Exhibit 11 | Defendants' Interrogatory Answer to No. 21 |
| Exhibit 12 | Defendants' Interrogatory Answer to No. 9 |
| Exhibit 13 | Defendants' Interrogatory Answer to No. 10 |
| Exhibit 14 | Defendants' Interrogatory Answer to No. 15 |
| Exhibit 15 | Defendants' Interrogatory Answer to No. 16 |
| Exhibit 16 | Defendants' Interrogatory Answer to No. 20 and Supplemental Answer |
| Exhibit 17 | Defendants' Interrogatory Answer to No. 1 |
| Exhibit 18 | Defendants' Interrogatory Answer to No. 2 |

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCIS FENWICK et al., | |
| Plaintiffs, | Case No. 3:12-cv-07354-PGS-DEA |
| - against - | |
| RANBAXY PHARMACEUTICALS INC. et al., | |
| Defendants. | |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS

Defendants, by their undersigned attorneys, object and respond to Plaintiffs' First Set of Interrogatories to Defendants, dated May 20, 2016 (the "Interrogatories" and each an "Interrogatory") as follows.

## GENERAL OBJECTIONS

Defendants make the following objections to the Interrogatories, which form a part of Defendants' response to each and every Interrogatory, and are set forth here to avoid repetition and duplication. Although some or all of these General Objections may be specifically invoked in a response to a specific Interrogatory, failure to mention a General Objection specifically should not be construed as a waiver of any General Objection.

In the event any information falling within one or more of the General Objections or any specific objection is disclosed in response to the Interrogatories, the disclosure is inadvertent and is not a waiver of the objection. Any response indicating that information or documents of a certain type will be produced is not a representation that any such documents exist or that Defendants have knowledge of the subject matter set forth in the Interrogatories. The objections and responses herein are based on Defendants' present knowledge, information

and belief. Defendants reserve the right to amend, revise, correct, supplement and clarify any of the objections or responses herein.

1.    Defendants preserve, and do not waive, any objection as to competence, relevance, materiality, propriety and admissibility, as well as any and all other objections and grounds that require the exclusion of evidence. Defendants reserve the right to make any and all such objections at trial and at any other proceeding relating to this action. Defendants' response to a particular Interrogatory shall not be deemed an admission or acknowledgment that such Interrogatory calls for information that is relevant to the subject matter of this action.

2.    Defendants object to the Interrogatories to the extent they contain, either explicitly or implicitly, characterizations or conclusions of fact or law with which Defendants do not agree. By responding to the Interrogatories, Defendants do not accept any factual or legal conclusion or characterization explicit or implicit in any individual Interrogatory.

3.    Defendants object to the Interrogatories to the extent they seek to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of New Jersey (the "Local Rules"), or the Joint Discovery Plan and the Pretrial Scheduling Order (Dkts. 69 and 71), including to the extent the Interrogatories seek information regarding merits discovery rather than class discovery. In responding to the Interrogatories, Defendants will construe and respond to the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and the Pretrial Scheduling Order.

4.    Defendants object to the Interrogatories as premature because discovery is ongoing. Relatedly, in responding to the Interrogatories, Defendants have identified, and reserve all rights in the future to produce and identify, documents pursuant to Federal Rule of Civil Procedure 33(d).

2

5.      Defendants object to the Interrogatories to the extent they call for disclosure of information subject to the attorney-client privilege, attorney work product doctrine, common interest privilege, joint defense privilege, business strategy privilege, trade secret privilege or any other applicable privilege, immunity or protection (whether based upon statute, common law or stipulation).  Defendants will not disclose such information, and inadvertent disclosure or production is not a waiver of any privilege, immunity or protection.

6.      Defendants object to each Interrogatory as overly broad, unduly burdensome, irrelevant, and/or disproportionate to the needs of this case to the extent it purports to require Defendants to identify "all" people or "every" person relating to a given subject matter, on the ground that such a request is overly broad and unduly burdensome. Defendants have employed many individuals over the years, and cannot reasonably identify each individual who may have had some involvement with the subject matter of a given Interrogatory.

7.      Defendants object to each Interrogatory as overly broad, unduly burdensome, irrelevant, and/or disproportionate to the needs of this case to the extent that it purports to require Defendants to identify "all" or "every" document(s), communication(s), or piece of information relating to a given subject matter. Defendants cannot reasonably search for and review potentially millions of documents in their files for documents that may be relevant to Plaintiffs' claims or Defendants' defenses.  Defendants will conduct reasonably diligent searches proportional to the needs of this case.

8.      Defendants object to the Interrogatories as overly broad, unduly burdensome, irrelevant, and/or disproportionate to the needs of this case to the extent that they seek information without any limitation to the time period.   Unless otherwise indicated, Defendants will interpret the Interrogatories as seeking information covering the time period from January 1, 2012 to present.

3

9.      Defendants object to each Interrogatory to the extent it goes to merits discovery rather than class certification discovery.  In the Joint Discovery Plan, the parties have agreed "to conduct fact and expert discovery in two separate phases," with the first phase limited to "fact and expert discovery on whether class certification is appropriate under Fed. R. Civ. P. 23 ('class discovery')." (Dkt. 69 at 8.)  "This initial phase of discovery will not include any discovery on the merits of plaintiffs' claims ('merits discovery')."  (*Id.*)  Consistent with the parties' Joint Discovery Plan, as approved by the Court, Defendants will not provide responses to Interrogatories that seek information concerning the merits of plaintiffs' claims.

10.      Defendants object to each Interrogatory to the extent Plaintiffs ask that Defendants "identify all documents" (for example, Interrogatory No. 3), "set forth all . . . documents" (for example, Interrogatory No. 4), provide "all written statements, questions, information and/or documents and/or notes, memoranda, and/or other records" (Interrogatory No. 4), "provide all . . . documents that the defendants have" (for example, Interrogatories Nos. 6, 8, 9, 11, 16, 21), or that otherwise ask Defendants to identify each document that relates to a particular subject matter.

11.      Defendants object to Plaintiffs' submission of Interrogatories in excess of the number permitted under the Court's Pretrial Scheduling Order, which incorporates the Local Rules and the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 33(a)(1) permits a party to serve no more than 25 written interrogatories, including subparts, and many of Plaintiffs' 22 Interrogatories contain several subparts (as evidenced by, among other things, the fact that the information requested from one Interrogatory will often overlap with several Requests for Production). Plaintiffs have exhausted their Interrogatories, but, without waiving their rights, Defendants will respond to these Interrogatories.

## OBJECTIONS TO DEFINITIONS

4

1.      Defendants object to Definition 1 to the extent it requires that non-defined terms "shall have the same meaning as defined in any standard American English dictionary" as vague and ambiguous.  Defendants will interpret words in their ordinary meaning and usage.

2.      Defendants object to Definitions 3 and 4 as vague and ambiguous, including to the extent Definition 3 references an "Exhibit A."  Defendants will interpret Definition 3 to mean the 41 lots of Atorvastatin, consisting of 10 mg, 20 mg, and 40 mg tablets that were dispensed between September 25, 2012 and November 15, 2012 and that were subject to a recall initiated on or around November 9, 2012.

3.      Defendants object to Definition 7 as vague, ambiguous, overly broad and unduly burdensome to the extent it defines "basis" with respect to a "contention, statement or representation" as including "all documents, facts, information, data, assumptions, inferences, testimony, witnesses, or persons that providing information that constituted the evidentiary support."  Defendants will interpret this definition to mean "basis, used with regard to a contention, statement or representation, refers to facts or information sufficient to show the evidentiary support for that contention, statement, or representation."

4.      Defendants object to Definition 11 as vague and ambiguous, and to the extent it defines the word "customer" using information provided to Plaintiffs' counsel pursuant to Fed. R. Evid. 408, it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Plaintiffs quoting any language from communications which Plaintiffs acknowledge are "confidential settlement communication[s], subject to Fed. R. Evid. 408 and all applicable State law privileges," and regardless of Plaintiffs' agreement that they do not intend to use those communications as evidence.  Defendants will interpret "customers" to mean entities to which Defendants shipped or distributed 41 lots of the Atorvastatin that was subject to a recall initiated on or around November 9, 2012.

5

5.     Defendants object to Definition 13 as vague, ambiguous, overly broad, and unduly burdensome to the extent it defines "Defendants" as "any and/or all of the named defendants and/or any or all of their predecessors, successors, present and former parents, subsidiaries, divisions, affiliates, agents or anyone acting or purporting to act on their behalf, including any of its respective directors, officers, managing agents, and/or employees." Defendants will interpret "Defendants" as "the named Defendants in the Third Amended Complaint."

6.     Defendants object to Definition 14 as vague, ambiguous, overly broad, and unduly burdensome to the extent it defines "Describe" as "to fully, faithfully, and accurately set forth every fact and circumstance, including omissions, which in any way relates to, refers to, reflects, comprises, or bears upon a matter of inquiry, and whether each such fact or circumstance is stated on knowledge information, or belief, or is alleged without foundation." Defendants will interpret "Describe" as "provide facts or information sufficient to answer the matter of inquiry."

7.     Defendants object to Definition 16 as vague and ambiguous, duplicative of Definition 15, and to the extent it defines the word "Downstream distribution" using information provided to Plaintiffs' counsel pursuant to Fed. R. Evid. 408, it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Plaintiffs quoting any language from communications which Plaintiffs acknowledge are "confidential settlement communication[s], subject to Fed. R. Evid. 408 and all applicable State law privileges," and regardless of Plaintiffs' agreement that they do not intend to use those communications as evidence. Defendants will interpret "Downstream distribution" to mean "distribution" as that term is used in Definition 15.

8.     Defendants object to Definition 17 as vague, ambiguous, overly broad, and unduly burdensome. Defendants will interpret "Document" as defined in the Federal Rules of Civil Procedure.

9.      Defendants object to Definition 18 as vague, ambiguous, overly broad, and unduly burdensome. With respect to identifying a person, as referenced in Definition 18(A), Defendants will interpret "Identify" as "provide information sufficient to identify the persons referenced in its Responses, including a name and, if an employee of Defendants, the person's last known title (if any)." With respect to identifying a document, as referenced in Definition 18(B), Defendants will interpret "Identify" as "to the extent a document is requested or referenced in an Interrogatory, Defendants will provide information sufficient to identify the source of responsive data, if any." With respect to identifying "data sources," as referenced in Definition 18(C), Defendants will interpret "Identify" as "providing information sufficient to identify the source of responsive data, if any." With respect to identifying "facts, information, or assumptions," as referenced in Definition 18(D), Defendants will interpret "Identify" as "providing information sufficient to identify the facts, information, or assumptions requested or referenced." With respect to identifying a "communication," as referenced in Definition 18(E), Defendants will interpret "Identify" as "providing information sufficient to identify the communication."

10.     Defendants object to Definition 21 as vague, ambiguous, overly broad, and unduly burdensome to the extent it defines "Plaintiffs" as "Plaintiffs in the above entitled action, as well as any plaintiffs subsequently added to the Amended Complaint or named in future amended or supplemental Complaints, and any and all of their employees, agents, assigns, consultants, representatives, and persons acting or purporting to act on their behalf, whether individually or collectively, including Plaintiff's attorneys and their employees, agents, or representatives." Defendants will interpret this definition as "the named Plaintiffs in the Third Amended Complaint."

11.     Defendants object to Definition 22 as vague, ambiguous, overly broad, and unduly burdensome to the extent it defines "Ranbaxy" as "the named defendants and any or all of their

predecessors, successors, present and former parents, subsidiaries, divisions, affiliates, agents or anyone acting or purporting to act on their behalf, including any of its respective directors, officers, managing agents, employees, attorneys, accountants, or other representatives." Defendants will interpret "Ranbaxy" as "the Ranbaxy entities named as Defendants in the Third Amended Complaint."

12.     Defendants object to Definition 23 as vague and ambiguous.  Defendants will interpret Definition 23 as "the allegations set forth in the Third Amended Complaint and the defenses set forth in Defendants' Answer to the Third Amended Complaint."

13.     Defendants object to Definition 24 as vague, ambiguous, overly broad, and unduly burdensome to the extent it defines "You or Your" as "the defendants in the above entitled action, as well as any related entities subsequently added to the Amended Complaint or named in future amended or supplemental Complaints, and any and all of their employees, agents, assigns, consultants, representatives, and persons acting or purporting to act on their behalf, whether individually or collectively, including defendants' attorneys and their employees, agents, or representatives."  Defendants will interpret "You or Your" as the "named Defendants in the Third Amended Complaint."

## OBJECTIONS TO INSTRUCTIONS

1.     Defendants object to the Instructions to the extent that they seek to impose obligations in excess of the Federal Rules of Civil Procedure, the Local Rules, the Pretrial Scheduling Order, the Confidentiality Order, the ESI protocol, or applicable case law.  Defendants will respond to each of Plaintiffs' Interrogatories and Requests in accordance with its obligations under the Federal Rules of Civil Procedure, the Local Rules, the Initial Case Management Order, the Protective Order, the ESI Protocol, and applicable case law.

8

2.      Defendants object to Instruction 6 as overly broad and unduly burdensome, to the extent it requests "all information known to you or otherwise in your possession, custody, or control, regardless of location, including in the possession, custody, or control of current or former attorney(s), consultant(s), and/or expert(s)." Defendants employ and have employed many individuals over the years, and cannot reasonably identify each individual who may have had some involvement with the subject matter of a given Interrogatory, nor is it possible to ascertain "all" information they may possess. Defendants further object to the Instruction No. 6 to the extent it instructs that "[i]f you cannot completely answer any Interrogatory after the exercise of reasonable diligence, you shall furnish as complete an answer as you can, explain in detail the reasons you cannot give a full answer, including a statement as to what is needed in order to give a complete answer, and timely supplement your answer as information becomes available to you" as overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence.

## OBJECTIONS TO ELECTRONIC DISCOVERY

1.      Defendants reserve their responses and objections to Electronic Discovery Instructions Nos. 1-4. After the parties have agreed to a Stipulation Governing the Production of ESI, Defendants will provide their objections, if any remain unresolved by such Stipulation.

## SPECIFIC OBJECTIONS AND RESPONSES

## INTERROGATORY NO. 1:

For the person(s) answering these Interrogatories, state the full name, the employer, the full corporate or other business title, the job duties, the length of time he or she has been with the defendants, the residence and business address, and the date of birth.

## RESPONSE TO INTERROGATORY NO. 1:

Defendants object to this Interrogatory to the extent it requests "the job duties, the length of time he or she has been with the defendants, the residence and business address, and date of

9

birth" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and the General Objections, Defendants respond that the Interrogatory Responses were prepared with the assistance and advice of Defendants' outside counsel, Kirkland & Ellis LLP, and refer Plaintiffs to the Verification that follow these Interrogatory Responses.

**INTERROGATORY NO. 2:**

Identify all persons with whom the person(s) executing the answers to these interrogatories consulted or obtained information or documents from in the preparation of the answers, and specify with respect to each person consulted, or from whom information or documents were obtained, the specific numbers of the interrogatories about which he/she was consulted or about which he or she provided information or documents.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to this Interrogatory to the extent it requests that Defendants "specify with respect to each person consulted, or from whom information or documents were obtained, the specific numbers of the interrogatories about which he/she was consulted or about which he or she provided information or documents" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent this Interrogatory conflicts with Local Rule 33(b). Defendants further object to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client and/or attorney work product privileges. Defendants refer Plaintiffs to the Verification that follow these Interrogatory Responses.

**INTERROGATORY NO. 3:**

Identify all persons having knowledge of facts relevant to the subject matter of this litigation, describe in detail the extent and nature of their knowledge, and identify all documents that the defendants know to be in, or believe may be in, each person's possession which relate to the subject matter of this litigation. This interrogatory includes, but is not limited to, current and/or former employees, officers, agents, and/or representatives of defendants. The answer to

this interrogatory should include the current or last known address and telephone number for each person.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to this Interrogatory to extent it requests that Defendants provide "all persons having knowledge of facts relevant to the subject matter of this litigation, describe in detail the extent and nature of their knowledge, and identify all documents that the defendants know to be in, or believe may be in, each person's possession which relate to the subject matter of this litigation" as vague, ambiguous, overly broad, unduly burdensome, and seeking information not in Defendants' possession, custody, or control. Defendants further object to this Interrogatory to the extent it seeks "the current or last known address and telephone number for each person" referenced in the Interrogatory response as unduly burdensome and seeking information outside of Defendants' possession, custody, or control. Subject to the foregoing and the General Objections, Defendants refer Plaintiffs to Defendants' Rule 26(a) Disclosures. Defendants will update this response as may be needed based on additional investigation and discovery.

**INTERROGATORY NO. 4:**

Provide information and documents about all persons or entities that defendants have contacted, questioned, or interviewed about the subject matter of this litigation, or who have contacted the defendants, and set forth all statements, questions, information and/or documents that you have received or obtained from any person not a party to this action regarding any aspect of this action. Your answer should include, but not be limited to: the identity of each person who contacted, questioned, or interviewed the defendants, or who the defendants questioned, contacted, or interviewed, the identity of each person who gave and took the statements, questions, information and/or documents; the date and substance of each statement, question, information and/or documents; the location of all written statements, questions, information and/or documents; and all notes, memoranda or other records which relate or refer to any such oral statements, questions, and/or information. The answer should include a copy of all written statements, questions, information and/or documents and/or notes, memoranda and/or other records in your possession or control.

11

**RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to this Interrogatory as vague and ambiguous to the extent it uses the phrase "all persons or entities that defendants have contacted, questioned, or interviewed about the subject matter of this litigation." Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it requests information about "all," "any," or "each" subject matter of the Interrogatory. Defendants further object to this Interrogatory because, to the extent it requests "information and documents about all persons or entities that defendants have contacted, questioned, or interviewed about the subject matter of this litigation, or who have contacted the defendants, and set forth all statements, questions, information and/or documents that you have received or obtained from any person not a party to this action regarding any aspect of this action," it is duplicative of Requests for Production Nos. 3 and 4. Defendants further object to this Interrogatory as premature because it calls for information regarding merits discovery rather than class certification discovery.

**INTERROGATORY NO. 5:**

Provide separately for each of the 41 lots of recalled pills, all information and/or documents that the defendants have about each stage of the distribution of the pills, including all downstream distribution to individual stores, from the defendants all the way to the consumers, including every entity or individual (including but not limited to customers, wholesalers, chains, and retail stores) that the pills were shipped to and/or who handled the pills, the location where that occurred, the dates that the pills were shipped and received by each entity or individual, and all related information. Provide the contact information for each entity or individual and if an entity or individual who was involved in the distribution has an account number, shipping number or any other identifying information relating to their involvement or the distribution, provide that information.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to this Interrogatory as vague and ambiguous to the extent uses the phrase "all information and/or documents that the defendants have about each stage of the distribution of the pills." Defendants further object to this Interrogatory as overly broad and

12

unduly burdensome to the extent it requests information about "all," "any," "each," or "every" subject matter of the Interrogatory. Defendants further object because this Interrogatory seeks documents not in Defendants' possession, custody or control. Defendants further object to this Interrogatory because it is duplicative of Request for Production No. 6 to the extent it requests "for each of the 41 lots of recalled pills, all information and/or documents that the defendants have about each stage of the distribution of the pills, including all downstream distribution to individual stores, from the defendants all the way to the consumers, including every entity or individual (including but not limited to customers, wholesalers, chains, and retail stores) that the pills were shipped to and/or who handled the pills, the location where that occurred, the dates that the pills were shipped and received by each entity or individual, and all related information" and to the extent it requests "the contact information for each entity or individual and if an entity or individual who was involved in the distribution has an account number, shipping number or any other identifying information relating to their involvement or the distribution." Subject to the foregoing and to the General Objections, Defendants respond that: Defendants will produce non-privileged, responsive documents sufficient to identify the customers and consumers who purchased the 41 lots of Atorvastatin subject to the recall that was initiated on or around November 9, 2012, if any, located after a reasonably diligent, proportional search.

**INTERROGATORY NO. 6:**

For the 41 lots of recalled pills, provide all information and documents that the defendants have about or relating to how many bottles were in the 41 lots (broken down by the number of 90 pill bottles and 500 pill bottles), how many bottles were returned as part of the recall (broken down by the number of 90 pill bottles and 500 pill bottles), what entity or individual each bottle was returned from and who they were they returned to, and all available identifying information about the returned bottles (including lot number, NDC number, bottle number, prescription number, identity and contact information of the retail store and the consumer involved).

**RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to this Interrogatory as vague and ambiguous to the extent it uses the phrase "all available identifying information about the returned bottles." Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it requests information about "all," "any," or "each" subject matter of the Interrogatory. Defendants further object to this Interrogatory because it is duplicative of Request for Production No. 8. Subject to the foregoing and the General Objections, Defendants will produce non-privileged, responsive documents sufficient to identify the 41 lots of Atorvastatin subject to the recall that was initiated on or around November 9, 2012, if any, located after a reasonably diligent, proportional search.

**INTERROGATORY NO. 7:**

With respect to the whereabouts and the plans for the recalled pills that were returned, state whether the recalled pills that were returned were destroyed or are being kept somewhere, and if kept somewhere, state where and by whom and whether the defendants have any plans to sell, repackage or otherwise use any of the returned pills, or have considered doing so. If not, explain why not.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to this Interrogatory as premature because it calls for information regarding merits discovery rather than class certification discovery.

**INTERROGATORY NO. 8:**

For the 41 lots of recalled pills, state separately the identity of the defendants' "customer" that each bottle was sold to and/or shipped to (organized by "customer") and for each "customer" provide all information and documents that the defendants have, including all available contact information for them, the defendants' account numbers or similar identifying information for each customer, the customers' account numbers or similar identifying information for each sale or shipment from the defendants, any "downstream distribution" information known by defendants, and any other tracking information for each bottle of pills.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to this Interrogatory as vague and ambiguous to the extent it uses the phases "customer," "identifying information," "downstream distribution," and "tracking information." Defendants further object to this Interrogatory as overly broad, unduly burdensome, and seeking information not relevant to any claims or defenses to the extent it requests information about "all," "any," or "each" subject matter of the Interrogatory, including Plaintiffs' request that Defendants provide "all information and documents" regarding each of the entities to whom the 41 lots of the Atorvastatin were shipped. Defendants further object to this Interrogatory to the extent it is duplicative of Requests for Production Nos. 5 and 6. Subject to the foregoing and the General Objections, Defendants will produce non-privileged, responsive documents sufficient to identify the customers who purchased the 41 lots of Atorvastatin subject to the recall that was initiated on or around November 9, 2012, if any, located after a reasonably diligent, proportional search.

**INTERROGATORY NO. 9:**

In a release dated November 28, 2012, the defendants stated that "Ranbaxy has notified its distributors and retailers by e-mail/FedEx and has arranged for return of the affected lots. Distributors/retailers have stopped further distribution of the affected lots and are in the process of returning any affected product to Ranbaxy." Provide all information and documents concerning the actions and information described in the excerpt above, including a list of the distributors and retailers that the defendants "notified" (listing their contact information, account information and other identifying information, and the specific lots and bottles of pills each distributor and retailer was involved with), a copy of all e-mails and documents that were sent via FedEx to the distributors and retailers referred to in the excerpt above, a copy of any reply e-mails, subsequent e-mails, correspondence or communications relating to the notification or to the recall, and any information and documents that form the basis for the defendant' statement that "distributors/retailers stopped further distribution of the affected lots and are in the process of returning any affected product to Ranbaxy".

**RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information to the extent it requests information about "all," "any," or "each" subject

matter of the Interrogatory. Defendants further object to this Interrogatory to the extent it calls for identification of information before applicable deadlines as set forth in the Pretrial Scheduling Order bifurcating class certification and merits discovery. Defendants further object to this Interrogatory to the extent it is duplicative of Requests for Production Nos. 5 and 8. Defendants further object to this Interrogatory as premature because it calls for information regarding merits discovery rather than class certification discovery.

### INTERROGATORY NO. 10:

State whether the defendants notified anyone else other than the retailers and distributors referred to in the interrogatory above, including the defendants' "customers", wholesalers, insurance companies, third-party payors, consumers, government agencies or departments, or anyone else.

### RESPONSE TO INTERROGATORY NO. 10:

Defendants object to this Interrogatory as overly broad and unduly burdensome to the extent it requests information about "anyone else other than retailers and distributors referred to in the interrogatory above." Defendants further object to this Interrogatory to the extent it is duplicative of Requests for Production Nos. 5, 8, and 10. Defendants further object to this Interrogatory as premature because it calls for information regarding merits discovery rather than class certification discovery.

### INTERROGATORY NO. 11:

Describe how the defendants discovered that there were glass particles in some of their pills, what actions the defendants took to determine which lots and bottles of pills had glass particles in them, or may have glass particles in them, what actions the defendants took to stop the problem, and provide all information and documents relating thereto, including the manufacturing details (manufacturing plant, date, time, etc.), investigation materials, recommended actions, rejected recommendations, and any reports.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to this Interrogatory as vague and ambiguous to the extent it uses the phrases "glass particles," "stop the problem," and "manufacturing details (manufacturing plant, date, time, etc.), investigation materials, recommended actions, rejected recommendations, and any reports." Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it requests information about "all" or "any" subject matter of the Interrogatory. Defendants further object to this Interrogatory to the extent it is duplicative of Requests for Production Nos. 11, 13, 14 and 15. Defendants further object to this Interrogatory as premature because it calls for information regarding merits discovery rather than class certification discovery.

**INTERROGATORY NO. 12:**

Describe the computer system(s) used by the defendants to track which "customers" were shipped specific products, including the name of it, the software and hardware involved, the department and individual(s) who are responsible for the management of that computer system, a detailed list of the fields available in the software for information entry and storage, a detailed list of the fields used by the defendants currently and, if those fields have changed since November 2010 (two years before the recall), a detailed list of all of the fields used by the defendants from November 2010 to the present date.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to this Interrogatory as vague and ambiguous to the extent it uses the phrases "customers," "responsible for the management of that computer system," and "fields available in the software for information entry and storage." Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it requests information about "all" or "detailed list of" the subject matter of the Interrogatory. Defendants further object to the extent this Interrogatory seeks information prior to January 1, 2012. Defendants further object to this Interrogatory to the extent it is duplicative of Requests for Production Nos. 16 and 17.

17

Defendants further object to this Interrogatory as premature because it calls for information regarding merits discovery rather than class certification discovery.

**INTERROGATORY NO. 13:**

Can the defendants prepare, produce or create a report or electronic file/spreadsheet that lists the "customers" or other entities to which the 41 lots of recalled pills were shipped, the specific details for the pills shipped to each, and the specific details for the pills returned by each "customer" or other entity or individual? If so, describe the different computer formats that it can be produced in, the software that can be used to prepare it and search it, and provide a copy of the report or electronic file/spreadsheet.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to this Interrogatory as vague and ambiguous to the extent it uses the phrase "specific details for the pills shipped to each" and the "specific details for the pills returned by each 'customer' or other entity or individual." Defendants further object to to this Interrogatory to the extent it seeks information not in Defendants' possession, custody, or control, and to the extent it would require Defendants to create new documents. Defendants further object to this Interrogatory to the extent it is duplicative of Request for Production No. 18. Subject to the foregoing and the General Objections, Defendants refer Plaintiffs to Response to Interrogatory No. 8.

**INTERROGATORY NO. 14:**

Describe the defendants' policies, procedures, and processes for product recalls at the time of the recall of the 41 lots (including notices to be sent out to "customers" or others) and the computer system that retains details about such product recalls and the results of such recalls, and state what actions the defendants took to follow and comply with those policies, procedures, and processes, including a description of all actions, intentions, information and documents relating to the website that the defendants maintained related to the recall, which is described in paragraphs 28 and 33 of the defendants' Answer.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendants object to this Interrogatory as vague and ambiguous to the extent is uses the phrase "policies, procedures, and processes for product recalls at the time of the recall."

Defendants further object to this Interrogatory as overly broad, unduly burdensome, and seeking

irrelevant information to the extent it requests information about "all" or "details" of the subject

matter of the Interrogatory.  Defendants further object to this Interrogatory to the extent it is

duplicative of Requests for Production Nos. 19, 20, 21, 22 and 39.  Defendants further object to

this Interrogatory as premature because it calls for information regarding merits discovery rather

than class certification discovery.

**INTERROGATORY NO. 15:**

With respect to the specific type of pills involved in this case, describe in detail the
defendants' pricing structure at the time period involved in this case, state whether the pricing
varied for any reasons, state separately the price that the defendants charged each "customer"
when they sold the 41 lots of recalled pills (broken down by "customer", pill dosage, and number
of pills in a bottle), and state the amounts that the defendants refunded, paid back, or otherwise
credited to their customers for pills in the 41 lots of recalled pills that the customers returned.
Attach all documents relating to the defendants' sale of the 41 lots and any refund or credit for
returned pills.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendants object to this Interrogatory as vague and ambiguous to the extent it uses the

phrases "specific type of pills involved in this case" and "pricing structure."  Defendants further

object to this Interrogatory as overly broad and unduly burdensome to the extent it requests

information about "all," "any," or "detail" of the subject matter of the Interrogatory.  Defendants

further object to this Interrogatory to the extent it is duplicative of Requests for Production Nos.

23, 24, 25 and 26.  Defendants further object to this Interrogatory as premature because it calls for

information regarding merits discovery rather than class certification discovery.

**INTERROGATORY NO. 16:**

State all information and documents in defendants' possession or knowledge concerning
the retail value of uncontaminated pills of the type involved in this case (broken down by pill
dosage and number of pills in a bottle) and if the defendants do not have any information and
documents relating thereto, state the defendants' understanding of the price range that the pills sell
for on the retail market as well as the basis for that understanding.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendants object to this Interrogatory as overly broad and unduly burdensome to the extent it requests information about "all" or "any" subject matter of the Interrogatory. Defendants further object to this Interrogatory to the extent it is duplicative of Request for Production No. 27. Defendants further object to this Interrogatory because, to the extent it requests "if the defendants do not have any information and documents relating thereto, state the defendants' understanding of the price range that the pills sell for on the retail market as well as the basis for that understanding," it seeks information not in Defendants' possession, custody or control. Defendants further object to this Interrogatory as premature because it calls for information regarding merits discovery rather than class certification discovery.

**INTERROGATORY NO. 17:**

In Section II in the Defendants' Rule 26(A)(1) Initial Disclosures, the defendants stated: "Ranbaxy identifies the following categories of documents and electronically stored information that Ranbaxy may use to support its claims or defenses: documents relating to the Atorvastatin manufacturing process; documents relating to the Atorvastatin sales process; documents relating to the Atorvastatin product issue; documents relating to communications with the FDA about the product issue; and documents relating to recall. These materials are located at various Ranbaxy locations. Ranbaxy may identify additional documents based upon discovery in this case". With respect to that list of categories of documents and electronically stored information provided by the defendants, provide a separate, detailed description of what information and documents the defendants have relating to each of the categories, state the specific location where the materials are located (as compared to the statement in the defendants' Initial Disclosure that the materials are "located at various Ranbaxy locations"), and state specifically how the defendants may use the information and documents listed in the 5 categories to support their claims or defenses as alleged in their disclosures.

**RESPONSE TO INTERROGATORY NO. 17:**

Defendants object to this Interrogatory as vague and ambiguous to the extent it uses the phrases "what information and documents the defendants have relating to each of the categories" and "state the specific location where the materials are located." Defendants further object to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information to the

20

extent it requests information about "specific," "specifically," or "detailed list" of the subject

matter of the Interrogatory, including to the extent the Interrogatory asks Defendants to provide

specific information concerning locations of documents or "state specifically how the defendants

may use [that] information and documents[.]"  Defendants further object to this Interrogatory to

the extent it is duplicative of Request for Production No. 28.  Defendants further object to this

Interrogatory as premature because it calls for information regarding merits discovery rather than

class certification discovery.

## INTERROGATORY NO. 18:

Identify every person that was involved in the preparation of the Defendants' Rule 26(A)(1) Initial Disclosures and describe their specific involvement, including what information and/or documents they reviewed and/or considered, the location of that information and/or those documents, and who each person reported to with respect to the actions they took and/or analysis they conducted.  If the person identified in response to this interrogatory is an attorney representing the defendants, the part of the interrogatory that requests a description of their involvement does not apply to that person but instead the identity of the defendants' representatives who worked with the attorneys on the review of that particular information and/or documents should be provided along with a description of each such representatives' involvement.

## RESPONSE TO INTERROGATORY NO. 18:

Defendants further object to this Interrogatory as overly broad and unduly burdensome to

the extent it requests information about "every," "each," or "specific" subject matter of the

Interrogatory.  Defendants further object to this Interrogatory as seeking irrelevant information.

Defendants further object to this Interrogatory to the extent it is duplicative of Request for

Production No. 31.  Defendants further object to this Interrogatory to the extent it seeks privileged

information.  Subject to the foregoing and the General Objections, Defendants respond as follows:

Defendants' Rule 26(a) Initial Disclosures were prepared with the assistance and advice of

Defendants' outside counsel, Kirkland & Ellis LLP, and were reviewed by Defendants' in-house

counsel, Mr. Hunter Murdock, Director & Head of Litigation, Sun Pharmaceuticals North America.

**INTERROGATORY NO. 19:**

Describe in detail what information and/or documents the defendants have concerning any consumers who purchased any of the pills from the 41 lots of recalled pills, including but not limited to their identities and contact information, and state where the information and documents are located and in what format.

**RESPONSE TO INTERROGATORY NO. 19:**

Defendants object to this Interrogatory as vague, ambiguous, overbroad, and seeking irrelevant information to the extent it asks Defendants to describe without limitation "in detail what information and/or documents the defendants have concerning any consumers who purchased any of the pills from the 41 lots of recalled pills." Defendants further object that this Interrogatory seeks information not in Defendants' possession, custody, or control. Defendants further object to this Interrogatory to the extent it is duplicative of Request for Production No. 32. Subject to these and the General Objections, Defendants respond that: Defendants will produce non-privileged, responsive documents sufficient to identify the consumers who purchased the 41 lots of Atorvastatin subject to the recall that was initiated on or around November 9, 2012, if any, located after a reasonably diligent, proportional search.

**INTERROGATORY NO. 20:**

Describe in detail what information, documents or knowledge the defendants have concerning or relating to any private, public or government database or collection of information that exists to determine or track which retailers or other entities were in the distribution chain that received the 41 lots of recalled pills and/or which consumers received any of the pills from those retailers or other entities.

**RESPONSE TO INTERROGATORY NO. 20:**

Defendants object to this Interrogatory as vague, ambiguous, overbroad, and seeking irrelevant information to the extent it asks Defendants to describe without limitation "in detail

22

what information, documents or knowledge the defendants have concerning or relating to" certain

databases or collections of information.  Defendants further object to this Interrogatory to the

extent it is duplicative of Request for Production No. 33.  Subject to the foregoing and the General

Objections, Defendants refer Plaintiffs to Response to Interrogatory No. 5.

**INTERROGATORY NO. 21:**

Describe in detail the relationship and all interaction between the defendants and Inmar (which was described as "Ranbaxy's Customer Coordinator" in a release by the defendants about the recall), including but not limited to the purpose of the relationship, any payments made, all communications between the defendants and Inmar, any contracts between the defendants and Inmar, all information and documents exchanged between the defendants and Inmar, and all information or documents that the defendants know Inmar has or had relating to the subject matter of this litigation, the recall, and the plaintiffs' claims, or which the defendants believe Inmar may have or may have had in its possession relating thereto.

**RESPONSE TO INTERROGATORY NO. 21:**

Defendants object to this Interrogatory as vague and ambiguous to the extent it uses the

phrases "relationship and all interaction," and "the purpose of the relationship . . . between the

defendants and Inmar."  Defendants further object to this Interrogatory as overly broad and

unduly burdensome to the extent it requests information about "detail," "all," or "any" subject

matter of the Interrogatory.  Defendants further object to this Interrogatory as seeking irrelevant

information, including for example through Plaintiffs' request that Defendants describe "all

interaction[s]" between Defendants and Inmar and that Defendants describe "all information and

documents exchanged between the defendants and Inmar."  Defendants further object to this

Interrogatory to the extent it is duplicative of Request for Production No. 34.  Defendants further

object to this Interrogatory as premature because it calls for information regarding merits

discovery rather than class certification discovery.

**INTERROGATORY NO. 22:**

Describe the defendants' document retention policies in general from 2010 to the present and any specific policies or litigation holds put in place for information and/or documents relating to the 41 recalled lots after the defendants learned of this litigation being filed in November of 2012.

**RESPONSE TO INTERROGATORY NO. 22:**

Defendants object to this Interrogatory to the extent that it seeks documents and information that are protected by the attorney client privilege, attorney work product doctrine, or any other applicable privilege or immunity. Defendants further object to this Interrogatory as seeking irrelevant information.

**INTERROGATORY NO. 23:**

Describe any internal or external studies, analyses, evaluations, audits or other examinations (including all aspects of, and information and documents from, the defendants' website relating to the recall which is referred to in paragraphs 28 and 33 of the defendants' Answer), that were conducted relating to the 41 lots of recalled pills including the date, the purpose, the results and conclusion, the persons and entities performing the study, analysis, evaluation, audit, or other examination (including defendants' website noted above), and any changes implemented afterwards as well as recommended changes that were not implemented. Attach a copy of all responsive documents and related documents.

**RESPONSE TO INTERROGATORY NO. 23:**

Defendants object to this Interrogatory as vague and ambiguous to the extent it uses the phrases "internal or external studies, analyses, evaluations, audits or other examinations." Defendants further object to the Interrogatory because, to the extent it seeks information about "any changes implemented afterwards as well as recommended changes that were not implemented," it is not reasonably calculated to lead to admissible discovery under Fed. R. Evid. 407. Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it requests information about "all" or "any" subject matter of the Interrogatory. Defendants further object to this Interrogatory to the extent it is duplicative of Requests for

Production Nos. 35, 36, and 37. Defendants further object to this Interrogatory as premature because it calls for information regarding merits discovery rather than class certification discovery.

## INTERROGATORY NO. 24:

Describe all mailings, reports, updates, summaries or other documents that defendants have received from, or provided to any government departments or agencies, or any of the companies, entities, and/or individuals relating to the 41 lots of recalled pills, including the date, who provided it to whom, and the reason it was provided, if known.

## RESPONSE TO INTERROGATORY NO. 24:

Defendants object to this Interrogatory as vague and ambiguous to the extent it uses the phrases "mailing, reports, updates, summaries or other documents." Defendants further object to this Interrogatory as overbroad, unduly burdensome, and seeking irrelevant information, because read literally, it would require Defendants to describe any document that Defendants ever received from or provided to any government department, government agency, company, entity, or individual that in any way related to the 41 lots of Atorvastatin that was subject to the recall. Defendants further object to this Interrogatory to the extent it is duplicative of Request for Production No. 40. Defendants further object to this Interrogatory as premature because it calls for information regarding merits discovery rather than class certification discovery.

## INTERROGATORY NO. 25:

Explain in detail the basis for, and all relevant facts supporting, the affirmative defenses in the defendants' Answer numbered 1 to 4, and 8.

## RESPONSE TO INTERROGATORY NO. 25:

Defendants object to this Interrogatory as overly broad and unduly burdensome to the extent it requests information "in detail" and about "all" subject matters of the Interrogatory. Defendants further object to this Interrogatory to the extent it is duplicative of Request for

Production No. 41.   Defendants further object to this Interrogatory as premature because Ranbaxy's investigation is ongoing, and because this Interrogatory calls for information regarding merits discovery rather than class certification discovery.

Dated:  June 30, 2016

                              /s/ Devora Allon

**PATUNAS TARANTINO LLC**
Michael E. Patunas
24 Commerce Street, Suite 606
Newark, NJ  07102
(973) 396-8740

**KIRKLAND & ELLIS LLP**
Jay P. Lefkowitz, P.C.
Devora Allon
Dmitriy Tishyevich (all admitted *pro hac vice*)
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

*Attorneys for Defendants*

26

## VERIFICATION

I, Daniel T. Martins, am the Vice President & Regional Head of Quality (North America) for Sun Pharmaceutical Industries, Inc.  I have read the foregoing Responses and Objections to Plaintiff's First Set of Interrogatories and am familiar with the contents thereof.  These Responses were prepared with the assistance and advice of employees and counsel for Ranbaxy.  The Responses, subject to inadvertent or undiscovered error, are necessarily limited by the records and information still in existence, presently recollected, and thus far discovered.  Subject to these limitations, I verify under penalty of perjury that the Responses to the Interrogatories are true to the best of my knowledge, information and belief.

Executed on June 29, 2016

Daniel T. Martins

28

## <u>CERTIFICATE OF SERVICE</u>

I, Dmitriy Tishyevich, hereby certify that on June 30, 2016, I served an electronic copy of

the foregoing Responses and Objections to Plaintiffs' First Set of Interrogatories by email on the

following counsel of record:

Barry Gainey, Esq.                           Michael E. Patunas, Esq.
Gainey McKenna & Egleston                    Patunas Tarantino LLC
95 Route 17 South                            24 Commerce Street, Suite 606
Suite 310                                    Newark, NJ 07102
Paramus, New Jersey 07652                    mpatunas@patunaslaw.com
bgainey@gme-law.com

                                   */s/ Dmitriy Tishyevich*
                                   Dmitriy Tishyevich

28

EXHIBIT 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FRANCIS FENWICK et al.,

                Plaintiffs,

    - against -

RANBAXY PHARMACEUTICALS INC. et al.,

                Defendants.

Case No. 3:12-cv-07354-PGS-DEA

### DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

Defendants, by their undersigned attorneys, object and respond to Plaintiffs' First Set of Requests for Production of Documents and Things to Defendants, dated May 20, 2016 (the "Requests for Production" and each a "Request") as follows.

### GENERAL OBJECTIONS

Defendants make the following objections to the Requests, which form a part of Defendants' response to each and every Request, and are set forth here to avoid repetition and duplication. Although some or all of these General Objections may be specifically invoked in a response to a specific Request, failure to mention a General Objection specifically should not be construed as a waiver of any General Objection.

1.      Defendants preserve, and do not waive, any objection as to competence, relevance, materiality, propriety and admissibility, as well as any and all other objections and grounds that require the exclusion of evidence. Defendants reserve the right to make any and all such objections at trial and at any other proceeding relating to this action. Defendants'

1

response to a particular Request shall not be deemed an admission or acknowledgment that such Request calls for information that is relevant to the subject matter of this action.

2.　　Defendants object to the Requests to the extent they contain, either explicitly or implicitly, characterizations or conclusions of fact or law with which Defendants do not agree. By responding to the Requests, Defendants do not accept any factual or legal conclusion or characterization explicit or implicit in any individual Request.

3.　　Defendants object to the Requests to the extent they seek to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of New Jersey (the "Local Rules"), or the Joint Discovery Plan and the Pretrial Scheduling Order (Dkts. 69 and 71), including to the extent the Requests seek information regarding merits discovery rather than class discovery.　In responding to the Requests, Defendants will construe and respond to the Requests in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and the Pretrial Scheduling Order.

4.　　Defendants object to the Request to the extent they are not reasonably calculated to lead to the discovery of admissible evidence or purport to require production of documents that are not relevant to the claims and defenses in this action, and/or that are disproportionate to the needs of this case.

5.　　Defendants object to the Requests to the extent they are vague, ambiguous, overly broad, or unduly burdensome.　Defendants further object to the Requests to the extent they seek documents of only marginal relevance, which relevance is substantially outweighed by the burden imposed on Ranbaxy in having to search for and produce any such documents.

6.      Defendants object to the Requests to the extent they are unreasonably cumulative or duplicative.

7.      Defendants object to the Requests on the grounds that they are overly broad and unduly burdensome to the extent that they seek "all" or "every" document relating to specified topics. Defendants cannot reasonably search for and review potentially millions of documents in their files for documents that may be relevant to Plaintiffs' claims or Defendants' defenses. Consistent with Defendants' obligations under the the Federal Rules of Civil Procedure and the Local Rules, and subject to the stated objections, any statement herein that Defendants will produce documents responsive to a specific Request means that Defendants will conduct a reasonably diligent search for documents in their possession, custody, and control, as proportional to the needs of this case. Defendants will search their files according to a search protocol to be determined following discussions between the parties.

8.      Defendants object to the Requests as overly broad, unduly burdensome, irrelevant, and/or disproportionate to the needs of this case to the extent that they seek information without any limitation to the time period.   Unless otherwise indicated, Defendants will interpret the Requests as seeking information covering the time period from January 1, 2012 to present.

9.      Defendants object to each Request to the extent it goes to merits discovery rather than class certification discovery.  In the Joint Discovery Plan, the parties have agreed "to conduct fact and expert discovery in two separate phases," with the first phase limited to "fact and expert discovery on whether class certification is appropriate under Fed. R. Civ. P. 23 ('class discovery')." (Dkt. 69 at 8.)  "This initial phase of discovery will not include any discovery on the merits of plaintiffs' claims ('merits discovery')."  (*Id.*)  Consistent with the parties' Joint

3

Discovery Plan, as approved by the Court, at this time Defendants will not produce documents in response to Requests that seek information concerning the merits of Plaintiffs' claims.

10.    Defendants object to the Requests to the extent that they seek the production of documents protected from disclosure by any applicable privilege or immunity, including without limitation the attorney-client privilege, the work product doctrine and the common interest privilege.  Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that Defendants do not object to a specific request on the basis of an applicable privilege.

11.    Any inadvertent disclosure of any privileged information to Plaintiffs shall not be deemed or construed to constitute a waiver of any privilege, any other doctrine against disclosure, or Defendants' right to object to the use of any document inadvertently disclosed. Defendants reserve the right to demand that Plaintiffs return to it any document inadvertently produced.

12.    Defendants object to the Requests to the extent that they purport to require Defendants to produce documents not within their possession, custody, or control.  Defendants respond to these requests on behalf of themselves any not on behalf of any subsidiaries, affiliates, or other corporations or separate legal entities, or any other individuals.  By making these objections and responses, Defendants do not concede that they have in their possession, custody or control any documents responsive to a particular Request.

13.    Defendants object to the Requests to the extent they purport to require Defendants to produce documents and/or things that do not already exist and/or call for information in a format other than that in which it is ordinarily kept by Defendants.

4

## OBJECTIONS TO DEFINITIONS

1.    Defendants object to Definition 1 to the extent it requires that non-defined terms "shall have the same meaning as defined in any standard American English dictionary" as vague and ambiguous.  Defendants will interpret words in their ordinary meaning and usage.

2.    Defendants object to Definitions 3 and 4 as vague and ambiguous, including to the extent Definition 3 references an "Exhibit A."  Defendants will interpret Definition 3 to mean the 41 lots of Atorvastatin, consisting of 10 mg, 20 mg, and 40 mg tablets that were dispensed between September 25, 2012 and November 15, 2012 and that were subject to a recall initiated on or around November 9, 2012.

3.    Defendants object to Definition 7 as vague, ambiguous, overly broad and unduly burdensome to the extent it defines "basis" with respect to a "contention, statement or representation" as including "all documents, facts, information, data, assumptions, inferences, testimony, witnesses, or persons that providing information that constituted the evidentiary support."  Defendants will interpret this definition to mean "basis, used with regard to a contention, statement or representation, refers to facts or information sufficient to show the evidentiary support for that contention, statement, or representation."

4.    Defendants object to Definition 11 as vague and ambiguous, and to the extent it defines the word "customers" using information provided to Plaintiffs' counsel pursuant to Fed. R. Evid. 408, it is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Plaintiffs quoting any language from communications which Plaintiffs acknowledge are "confidential settlement communication[s], subject to Fed. R. Evid. 408 and all applicable State law privileges," and regardless of Plaintiffs' agreement that they do not intend to use those communications as evidence.  Defendants will interpret "customers" to

5

mean entities to which Defendants shipped or distributed 41 lots of the Atorvastatin that was subject to a recall initiated on or around November 9, 2012.

5.      Defendants object to Definition 13 as vague, ambiguous, overly broad, and unduly burdensome to the extent it defines "Defendants" as "any and/or all of the named defendants and/or any or all of their predecessors, successors, present and former parents, subsidiaries, divisions, affiliates, agents or anyone acting or purporting to act on their behalf, including any of its respective directors, officers, managing agents, and/or employees." Defendants will interpret "Defendants" as "the named Defendants in the Third Amended Complaint."

6.      Defendants object to Definition 14 as vague, ambiguous, overly broad, and unduly burdensome to the extent it defines "Describe" as "to fully, faithfully, and accurately set forth every fact and circumstance, including omissions, which in any way relates to, refers to, reflects, comprises, or bears upon a matter of inquiry, and whether each such fact or circumstance is stated on knowledge information, or belief, or is alleged without foundation." Defendants will interpret "Describe" as "provide facts or information sufficient to answer the matter of inquiry."

7.      Defendants object to Definition 16 as vague and ambiguous, duplicative of Definition 15, and to the extent it defines the word "Downstream distribution" using information provided to Plaintiffs' counsel pursuant to Fed. R. Evid. 408, it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to Plaintiffs quoting any language from communications which Plaintiffs acknowledge are "confidential settlement communication[s], subject to Fed. R. Evid. 408 and all applicable State law privileges," and regardless of Plaintiffs' agreement that they do not intend to use those communications as

6

evidence.  Defendants will interpret "Downstream distribution" to mean "distribution" as that term is used in Definition 15.

8.      Defendants object to Definition 17 as vague, ambiguous, overly broad, and unduly burdensome.  Defendants will interpret "Document" as defined in the Federal Rules of Civil Procedure.

9.      Defendants object to Definition 18 as vague, ambiguous, overly broad, and unduly burdensome.  With respect to identifying a person, as referenced in Definition 18(A), Defendants will interpret "Identify" as "provide information sufficient to identify the persons referenced in its Responses, including a name and, if an employee of Defendants, the person's last known title (if any)."  With respect to identifying a document, as referenced in Definition 18(B), Defendants will interpret "Identify" as "to the extent a document is requested or referenced in an Request, Defendants will provide information sufficient to identify the source of responsive data, if any." With respect to identifying "data sources," as referenced in Definition 18(C), Defendants will interpret "Identify" as "providing information sufficient to identify the source of responsive data, if any."  With respect to identifying "facts, information, or assumptions," as referenced in Definition 18(D), Defendants will interpret "Identify" as "providing information sufficient to identify the facts, information, or assumptions requested or referenced."  With respect to identifying a "communication," as referenced in Definition 18(E), Defendants will interpret "Identify" as "providing information sufficient to identify the communication, if any."

10.      Defendants object to Definition 21 as vague, ambiguous, overly broad, and unduly burdensome to the extent it defines "Plaintiffs" as "Plaintiffs in the above entitled action, as well as any plaintiffs subsequently added to the Amended Complaint or named in future

amended or supplemental Complaints, and any and all of their employees, agents, assigns, consultants, representatives, and persons acting or purporting to act on their behalf, whether individually or collectively, including Plaintiff's attorneys and their employees, agents, or representatives." Defendants will interpret this definition as "the named Plaintiffs in the Third Amended Complaint."

11.     Defendants object to Definition 22 as vague, ambiguous, overly broad, and unduly burdensome to the extent it defines "Ranbaxy" as "the named defendants and any or all of their predecessors, successors, present and former parents, subsidiaries, divisions, affiliates, agents or anyone acting or purporting to act on their behalf, including any of its respective directors, officers, managing agents, employees, attorneys, accountants, or other representatives." Defendants will interpret "Ranbaxy" as "the Ranbaxy entities named as Defendants in the Third Amended Complaint."

12.     Defendants object to Definition 23 as vague and ambiguous. Defendants will interpret Definition 23 as "the allegations set forth in the Third Amended Complaint and the defenses set forth in Defendants' Answer to the Third Amended Complaint."

13.     Defendants object to Definition 24 as vague, ambiguous, overly broad, and unduly burdensome to the extent it defines "You or Your" as "the defendants in the above entitled action, as well as any related entities subsequently added to the Amended Complaint or named in future amended or supplemental Complaints, and any and all of their employees, agents, assigns, consultants, representatives, and persons acting or purporting to act on their behalf, whether individually or collectively, including defendants' attorneys and their employees, agents, or representatives." Defendants will interpret "You or Your" as the "named Defendants in the Third Amended Complaint."

8

## OBJECTIONS TO INSTRUCTIONS

1.      Defendants object to the Instructions to the extent that they seek to impose obligations in excess of the Federal Rules of Civil Procedure, the Local Rules, the Pretrial Scheduling Order, the Confidentiality Order, the ESI protocol, or applicable case law. Defendants will respond to each of Plaintiffs' Requests in accordance with its obligations under the Federal Rules of Civil Procedure, the Local Rules, the Initial Case Management Order, the Protective Order, the ESI Protocol, and applicable case law.

2.      Defendants object to Instruction 6 as overly broad and unduly burdensome, to the extent it requests "all information known to you or otherwise in your possession, custody, or control, regardless of location, including in the possession, custody, or control of current or former attorney(s), consultant(s), and/or expert(s)." Defendants employ and have employed many individuals over the years, and cannot reasonably identify each individual who may have had some involvement with the subject matter of a given Request, nor is it possible to ascertain "all" information they may possess. Defendants further object to the Instruction No. 6 to the extent it instructs that "[i]f you cannot completely answer any request for production after the exercise of reasonable diligence, you shall furnish as complete an answer as you can, explain in detail the reasons you cannot give a full answer, including a statement as to what is needed in order to give a complete answer, and timely supplement your answer as information becomes available to you" as overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence.

## OBJECTIONS TO ELECTRONIC DISCOVERY

1.      Defendants reserve their responses and objections to Electronic Discovery Instructions Nos. 1-4. After the parties have agreed to a Stipulation Governing the Production of ESI, Defendants will provide their objections, if any remain unresolved by such Stipulation.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiving or restricting the General Objections set forth above, all of which are incorporated by reference into each of the following responses, Defendants respond to the Requests as follows:

## REQUEST FOR PRODUCTION NO. 1:

Provide all documents that were reviewed or considered when defendants were answering the Plaintiffs' First Set of Interrogatories to Defendants. If any of those documents are being provided in response to other requests herein, the defendants can refer to the numbers of those requests rather than attaching an additional copy of the documents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Defendants object to this Request to the extent it calls for the production of materials protected by attorney-client privilege and work product doctrine. Subject to these and the foregoing General Objections, Ranbaxy will produce non-privileged responsive to this Request, if any.

## REQUEST FOR PRODUCTION NO. 2:

Provide all documents about any persons or entities that the defendants contacted, questioned, or interviewed about the subject matter of this litigation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Defendants object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent it seeks "all documents about all persons or entities that defendants contacted, questioned, or interviewed about the subject matter of this litigation." Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

10

**REQUEST FOR PRODUCTION NO. 3:**

Provide all documents about any persons or entities who contacted, questioned, or interviewed the defendants about the subject matter of this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent it seeks "all documents about any persons or entities who contacted, questioned, or interviewed the defendants about the subject matter of this litigation." Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 4:**

Provide all documents that you have received or obtained from any person not a party to this action relating to or about the issues involved in this case, the subject matter of this action, the recall, or to the plaintiffs' claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent it seeks "all documents that you have received or obtained from any person not a party to this action relating to or about the issues involved in this case, the subject matter of this action, the recall, or to the plaintiffs' claims." Defendants further object to this Request as vague and ambiguous because it does not explain what differences there are between "plaintiffs' claims," "the subject matter of this action," or "the issues involved in this case." Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 5:**

Provide all documents that you have received or obtained from any of defendants' "customers" or any wholesalers, chains or retailers that relate to the subject matter of this litigation, to the recall, or to the plaintiffs' claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent it seeks "all documents that you have received or obtained from any of defendants' 'customers' or any wholesalers, chains or retailers that relate to the subject matter of this litigation, to the recall, or to the plaintiffs' claims."   Defendants further object to this Request as vague and ambiguous because it does not explain what differences there are between "plaintiffs' claims" and "the subject matter of this action."   Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 6:**

For the 41 lots of recalled pills, provide all documents that the defendants have about or relating to:

(a) each stage of the distribution of the pills from the defendants all the way to the consumers (including all downstream distribution to individual stores) and every entity or individual (including but not limited to defendants' customers, wholesalers, chains, and retail stores) that the pills were shipped to and/or who handled the pills, the location where that occurred, the dates that the pills were shipped and received by each entity or individual, and all related information;

(b) the contact information for each entity or individual (including but not limited to customers, wholesalers, chains, and retail stores) that the pills were shipped to and/or who handled the pills, each entity's or individual's account number, shipping number or any other identifying information relating to their involvement in the distribution;

(c) how many bottles of pills were in the 41 lots (separated into documents relating to the 90 pill bottles and the 500 pill bottles);

(d) how many bottles were returned as part of the recall (separated into documents relating to the 90 pill bottles and the 500 pill bottles);

12

(e) what entity or individual each returned bottle was returned from and who they were they returned to;

(f) all available identifying information about the returned bottles (including lot number, NDC number, bottle number, prescription number, identity and contact information of the retail store and the consumer involved); and

(g) the identity of the defendants' "customer" that each bottle was sold to and/or shipped to (organized by "customer") including all available contact information for them, the defendants' account numbers or similar identifying information for each customer, the customers' account numbers or similar identifying information for each sale or shipment from the defendants, any "downstream distribution" information, and any other tracking information for each bottle of pills.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Defendants object to this Request as vague and ambiguous to the extent uses the phrases "each stage of the distribution of the pills from the defendants all the way to the consumers," "customers," and "downstream distribution." Defendants further object to this Request as overly broad and unduly burdensome to the extent it requests information about "all," "any," "each," or "every" subject matter of the Request. Defendants further object to this Request as overbroad and unduly burdensome, including to the extent it calls for the production of documents that Defendants do not possess or maintain in the ordinary course of their business. Subject to the foregoing and the General Objections, Defendants will produce non-privileged, responsive documents in response to this Request, if any, located after a reasonably diligent, proportional search using a search protocol to be determined following further discussions between the parties.

## REQUEST FOR PRODUCTION NO. 7:

Provide all documents that the defendants have about or relating to the whereabouts the recalled pills that were returned, including whether the recalled pills that were returned were destroyed or are being kept somewhere, and if kept somewhere, provide all documents relating to where they are being stored and by whom.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants object to this Request as overly broad and unduly burdensome to the extent it seeks "all documents that you have received or obtained from any of defendants' 'customers' or any wholesalers, chains or retailers." Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery. Defendants refer Plaintiffs to Defendants' Response to Interrogatory No. 7.

**REQUEST FOR PRODUCTION NO. 8:**

Provide all documents that the defendants have about or relating to the recalled pills that were returned and whether the defendants have any plans to sell, repackage or otherwise use any of the returned pills, or have considered doing so.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants object to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" or "any plans to sell, repackage or otherwise use any of the returned pills." Defendants further object to this Request as premature to the extent it requests "whether the defendants have any plans to sell, repackage or otherwise use any of the returned pills, or have considered doing so," because it calls for information regarding merits discovery rather than class certification discovery. Subject to the foregoing and the General Objections, Defendants will produce non-privileged, responsive documents in response to this Request, if any, located after a reasonably diligent, proportional search using a search protocol to be determined following further discussions between the parties.

**REQUEST FOR PRODUCTION NO. 9:**

In a release dated November 28, 2012, the defendants stated that "Ranbaxy has notified its distributors and retailers by e-mail/FedEx and has arranged for return of the affected lots. Distributors/retailers have stopped further distribution of the affected lots and are in the process of returning any affected product to Ranbaxy." Provide all documents concerning the actions and information described in the excerpt above, including:

(a) any lists of the distributors and retailers that the defendants "notified";

(b) a copy of the e-mails that were sent to the distributors and retailers and the documents that were sent via FedEx to the distributors and retailers which are referred to in the excerpt above;

(c) a copy of any reply e-mails, subsequent e-mails, correspondence or communications relating to the notification or to the recall; and

(d) all documents that form the basis for the defendant' statement that "distributors/retailers stopped further distribution of the affected lots and are in the process of returning any affected product to Ranbaxy".

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Defendants object to this Request as overly broad and unduly burdensome to the extent it requests "all documents" and "any lists." Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

## REQUEST FOR PRODUCTION NO. 10:

Provide all documents relating to any notice that defendants gave to anyone else other than the retailers and distributors referred to in the request above, including the defendants' "customers", wholesalers, insurance companies, third-party payors, consumers, government agencies or departments, or anyone else.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Defendants object to this Request as vague and ambiguous as to the meaning of the word "notice." Defendants further object to this Request as overly broad and unduly burdensome to the extent it requests "all documents," "any notice," and "anyone else." Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

## REQUEST FOR PRODUCTION NO. 11:

Provide all documents relating to the defendants' discovery that there were glass particles in some of their pills.

15

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants object to this Request as overly broad and unduly burdensome to the extent it requests "all documents." Defendants further object to this Request as vague and ambiguous as to the meaning of "their pills." Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 12:**

Provide all documents relating to the actions the defendants took to determine which lots and bottles of pills had glass particles in them, or may have glass particles in them.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants object to this Request as overly broad and unduly burdensome to the extent it requests "all documents." Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 13:**

Provide all documents relating to the actions the defendants took to stop the problem of the glass particles in the pills.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants object to this Request as vague and ambiguous as to the meaning of the phrases "stop the problem" and "the actions the defendants took." Defendants further object to this Request as overly broad and unduly burdensome to the extent it requests "all documents." Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 14:**

Provide all documents relating to the manufacturing details for the pills that contained glass or might contain glass (i.e., the manufacturing plant, date, time, etc.).

16

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants object to this Request as vague and ambiguous as to the meaning of the phrase "manufacturing details." Defendants object to this Request as overly broad and unduly burdensome to the extent it requests "all documents." Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 15:**

Provide all documents relating to any investigation of the problem involving the glass particles in the pills, any recommended actions, any rejected recommendations, and any reports relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants object to this Request as vague and ambiguous as to the meaning of the phrases "investigation of the problem," "any recommended actions," and "any rejected recommendations." Defendants further object to this Request as overly broad and unduly burdensome to the extent it requests "all documents." Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 16:**

Provide all documents that describe the computer system(s) used by the defendants to track which "customers" were shipped specific products, including the name of the system(s), the software and hardware involved, a detailed list of the fields available in the software for information entry and storage, a detailed list of the fields used by the defendants currently and, if those fields have changed since November 2010 (two years before the recall), a detailed list of the fields used by the defendants from November 2010 to the present date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants object to this Request as vague and ambiguous as to the meaning of "customers" and "fields available in the software for information entry and storage." Defendants

17

further object to this Request as overly broad and unduly burdensome to the extent it requests "all documents" and "a detailed list of" various subject matters. Defendants further object to the extent this Request seeks information prior to January 1, 2012. Defendants further object to this Interrogatory as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 17:**

Provide all documents that describe the department and individual(s) who are responsible for the management of the computer system(s) described in the request above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants object to this Request as vague and ambiguous as to the meaning of the phrase "responsible for the management of that computer system." Defendants further object to this Request as overly broad and unduly burdensome to the extent it requests "all documents" and "a detailed list of" various subject matters. Defendants further object to the extent this Request seeks information prior to January 1, 2012. Defendants further object to this Interrogatory as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 18:**

Provide all records, reports or electronic files/spreadsheets that lists the defendants' "customers" or other entities to which the 41 lots of recalled pills were shipped, the specific details for the pills shipped to each, and the specific details for the pills returned by each "customer" or other entity or individual.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendants object to this Request as vague and ambiguous as to the meaning of "records, reports or electronic files/spreadsheets," "specific details for the pills shipped to each," and "specific details for the pills returned." Defendants further object to this Request as overly broad

18

and unduly burdensome to the extent it requests "all" documents.  Defendants further object to to

this Request to the extent it seeks information not in Defendants' possession, custody, or control,

and to the extent it would require Defendants to create new documents.  Subject to the foregoing

and the General Objections, Defendants will produce non-privileged, responsive documents

sufficient to show the information sought by this Request, if any, located after a reasonably

diligent, proportional search using a search protocol to be determined following further

discussions between the parties.

**REQUEST FOR PRODUCTION NO. 19:**

Provide a copy of all documents concerning the defendants' policies, procedures, and
processes for product recalls at the time of the recall of the 41 lots (including notices to be sent
out defendants' "customers" or others).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants object to this Request as vague and ambiguous as to the meaning of "policies,

procedures, and processes for product recalls at the time of the recall" and "customers."

Defendants further object to this Request as overly broad and unduly burdensome to the extent it

requests "all documents."  Defendants further object to this Request as premature because it calls

for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 20:**

Provide all documents concerning the computer system that retains details about product
recalls and the results of such recalls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants object to this Request as vague and ambiguous as to the meaning of "the

computer system that retains details about product recalls and the results of such recalls."

Defendants further object to this Request as overly broad and unduly burdensome to the extent it

requests "all documents."  Defendants further object to to this Request to the extent it seeks

information not in Defendants' possession, custody, or control. Defendants further object to this Request as unduly burdensome, overly broad, and seeking irrelevant information to the extent it seeks information for any drugs other than Atorvastatin. Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 21:**

Provide all documents concerning what actions the defendants took to follow and comply with their recall policies, procedures, and processes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendants object to this Request as vague and ambiguous as to the meaning of "policies, procedures, and processes." Defendants further object to this Request as overly broad and unduly burdensome to the extent it requests "all documents." Defendants further object to to this Request to the extent it seeks information not in Defendants' possession, custody, or control. Defendants further object to this Request as unduly burdensome, overly broad, and seeking irrelevant information to the extent it seeks information for any drugs other than Atorvastatin. Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 22:**

Provide all documents concerning the website that the defendants maintained related to the recall, which is described in paragraphs 28 and 33 of the defendants' Answer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendants object to this Request as overly broad and unduly burdensome to the extent it requests "all documents." Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

20

**REQUEST FOR PRODUCTION NO. 23:**

With respect to the specific type of pills involved in this case, provide all documents concerning the defendants' pricing structure at the time period involved in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendants object to this Request as vague and ambiguous as to the meaning of "specific type of pills involved in this case" and "pricing structure." Defendants further object to this Request as vague and ambiguous because it does not define "the time period involved in this case." Defendants further object to the extent this Request seeks information prior to January 1, 2012. Defendants further object to this Request as overly broad and unduly burdensome to the extent it requests "all documents." Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 24:**

Provide all documents concerning the price that the defendants charged each of their "customers" when they initially sold the 41 lots of recalled pills.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants object to this Request as vague and ambiguous as to the meaning of "customers." Defendants further object to this Request as overly broad and unduly burdensome to the extent it requests "all documents." Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 25:**

Provide all documents concerning any money that the defendants paid to, refunded, paid back, or otherwise credited to their "customers" for pills in the 41 lots of recalled pills that the customers returned.

21

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Defendants object to this Request as vague and ambiguous as to the meaning of "customers." Defendants object to this Request as overly broad and unduly burdensome to the extent it requests "all documents." Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

## REQUEST FOR PRODUCTION NO. 26:

Provide all documents concerning or relating to the defendants' sale of the 41 lots and any refund or credit for returned pills.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Defendants object to this Request as overly broad and unduly burdensome to the extent it requests "all documents concerning or relating to the defendants' sale of the 41 lots," as read literally, this Request would encompass any document that in any way relates to Defendants' sale of the Atorvastatin subject to the recall. Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

## REQUEST FOR PRODUCTION NO. 27:

Provide all documents in defendants' possession or knowledge concerning the retail value, or a price range for the retail value, of uncontaminated pills of the type involved in this case.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Defendants object to this Request as overly broad and unduly burdensome to the extent it requests "all documents." Defendants further object to this Request to the extent it calls for documents in "defendants' . . . knowledge" but that is not within Defendants' possession,

custody, and control.  Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 28:**

In Section II in the Defendants' Rule 26(A)(l) Initial Disclosures, the defendants stated: "Ranbaxy identifies the following categories of documents and electronically stored information that Ranbaxy may use to support its claims or defenses: documents relating to the Atorvastatin manufacturing process; documents relating to the Atorvastatin sales process; documents relating to the Atorvastatin product issue; documents relating to communications with the FDA about the product issue; and documents relating to recall.  These materials are located at various Ranbaxy locations.  Ranbaxy may identify additional documents based upon discovery in this case".  Provide all documents included in, or related to, the categories described by the defendants in the excerpt above, which are listed below separately:

(a) "documents relating to the Atorvastatin manufacturing process";

(b) "documents relating to the Atorvastatin sales process";

(c) "documents relating to the Atorvastatin product issue";

(d) "documents relating to communications with the FDA about the product issue"; and

(e) "documents relating to recall".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendants object to this Request as overly broad and unduly burdensome to the extent it requests "all documents."  Defendants further object to this Request as premature, as discovery is ongoing and is in its early stages.  Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 29:**

Provide all "additional documents" that the defendants have identified as ones that they will use in this case since their Initial Disclosures were made.

23

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendants object to this Request as overly broad and unduly burdensome to the extent it requests "all 'additional documents.'" Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 30:**

Provide all documents that are relevant to this case regardless of whether the defendants intend to use them in their defense of the case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendants object to this Request as overbroad, unduly burdensome, vague, and ambiguous to the extent it requests documents "relevant to this case regardless of whether the defendants intend to use them in their defense of the case," without further explaining what "relevant" means. Defendants further object to this Request as premature to the extent it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 31:**

Provide all documents that were reviewed or considered in the preparation of the Defendants' Rule 26(A)(1) Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendants object to this Request to the extent it seeks privileged information. Subject to the foregoing and the General Objections, Defendants direct Plaintiffs to RANBAXY_FEN0000001 through RANBAXY_FEN0000094.

**REQUEST FOR PRODUCTION NO. 32:**

Provide all documents containing information about, or relating to, any consumers who purchased any of the pills in the 41 lots of recalled pills, including but not limited to their identities and contact information.

24

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendants object to this Request as vague, ambiguous, overbroad, and seeking irrelevant information to the extent it requests without limitation "information about, or relating to, any consumers who purchased any of the pills in the 41 lots of recalled pills, including but not limited to their identities and contact information," and without further explaining what "information" means. Defendants object to this Request as overly broad and unduly burdensome to the extent it requests "all documents." Subject to these and the General Objections, Defendants refer Plaintiffs to Defendants' Response to Interrogatory No. 19.

**REQUEST FOR PRODUCTION NO. 33:**

Provide all documents containing information about, or relating to, any private, public or government database or collection of information that exists to determine or track: (a) which retailers or other entities which were in the distribution chain for the 41 lots of recalled pills; and (b) which consumers received any of those pills from those retailers or other entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendants object to this Request as vague, ambiguous, overbroad, and seeking irrelevant information to the extent it asks Defendants to provide documents, without limitation, "containing information about, or relating to, any private, public or government database or collection of information." Defendants further object to to this Request to the extent it seeks information not in Defendants' possession, custody, or control. Subject to the foregoing and the General Objections, Defendants will produce non-privileged, responsive documents in response to this Request, if any, located after a reasonably diligent, proportional search using a search protocol to be determined following further discussions between the parties.

**REQUEST FOR PRODUCTION NO. 34:**

Provide all documents containing information concerning, or relating to, the relationship and interactions between the defendants and Inmar (which was described as "Ranbaxy's

25

Customer Coordinator" in a release by the defendants about the recall), including but not limited to any payments made, all communications between the defendants and Inmar, any contracts between the defendants and Inmar, all documents exchanged between the defendants and Inmar, and all documents that the defendants know Inmar has or had relating to the subject matter of this litigation, the recall, and the plaintiffs' claims, or which the defendants believe Inmar may have or may have had in its possession relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendants object to this Request as vague and ambiguous as to the meaning of "relationship and interactions." Defendants further object to this Request as overly broad and unduly burdensome to the extent it requests "all" or "any" documents responsive to the subject matter of the Request. Defendants further object to to this Request to the extent it seeks information not in Defendants' possession, custody, or control. Defendants further object to this Request as seeking irrelevant information, including for example through Plaintiffs' request that Defendants describe "all communications between the defendants and Inmar" and "all documents exchanged between the defendants and Inmar." Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 35:**

Provide copies of the defendants' document retention policies in general from 2010 to the present and any specific policies put in place for information and/or documents relating to the 41 recalled lots after the defendants learned of this litigation being filed in November of 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendants object to this Request to the extent that it seeks documents and information that are protected by the attorney client privilege, attorney work product doctrine, or any other applicable privilege or immunity. Defendants further object to this Request as seeking irrelevant information.

26

**REQUEST FOR PRODUCTION NO. 36:**

Provide copies of any internal or external studies, analyses, evaluations, audits or other examinations that were conducted relating to the 41 lots of recalled pills.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendants object to this Request as vague and ambiguous as to the meaning of "any internal or external studies, analyses, evaluations, audits or other examinations." Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 37:**

Provide all documents containing information about the individuals or entities involved in the internal or external studies, analyses, evaluations, audits or other examinations referred to in the request above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendants object to this Request as vague and ambiguous as to the meaning of "internal or external studies, analyses, evaluations, audits or other examinations." Defendants further object to this Request as overly broad and unduly burdensome to the extent it requests "all documents." Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 38:**

Provide all documents related to changes implemented after the internal or external studies, analyses, evaluations, audits or other examinations noted above as well as recommended changes that were not implemented.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendants object to this Request as vague and ambiguous as to the meaning of "internal or external studies, analyses, evaluations, audits or other examinations." Defendants further

27

object to this Request as overly broad and unduly burdensome to the extent it requests "all documents." Defendants further object to the Request because, to the extent it seeks information about "any changes implemented afterwards as well as recommended changes that were not implemented," it is not reasonably calculated to lead to admissible discovery under Fed. R. Evid. 407. Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 39:**

Provide copies of any documents concerning or relating to the website the defendants maintained for the recall, which is referred to in paragraphs 28 and 33 of the defendants' Answer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendants object to this Request as overly broad, unduly burdensome, and seeking irrelevant information to the extent it requests "any documents concerning or relating to the website the defendants maintained for the recall," as read literally, this Request would encompass every single document that in any way mentions the website at issue. Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 40:**

Provide copies of all mailings, reports, updates, summaries or other documents that defendants have received from, or provided to any government departments or agencies, or any other companies, entities, and/or individuals relating to the 41 lots of recalled pills.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendants object to this Request as vague and ambiguous as to the meaning of "all mailing, reports, updates, summaries or other documents." Defendants further object to this Request as overbroad, unduly burdensome, and seeking irrelevant information, because read

28

literally, it would require Defendants to describe any document that Defendants ever received from or provided to any government department, government agency, company, entity, or individual that in any way related to the 41 lots of Atorvastatin that was subject to the recall. Defendants further object to this Request as premature because it calls for information regarding merits discovery rather than class certification discovery.

**REQUEST FOR PRODUCTION NO. 41:**

Provide copies of all documents that are part of the basis for the affirmative defenses in the defendants' Answer numbered 1 to 4, and 8.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendants object to this Request as premature, as discovery is ongoing and is in its early stages. Defendants further object to this Request because it calls for the production of materials protected by the attorney-client privilege and work product doctrines. Defendants further object to this Request as overly broad and unduly burdensome to the extent it requests "all documents." Defendants further object to this Request as premature because Ranbaxy's investigation is ongoing, and because this Request calls for information regarding merits discovery rather than class certification discovery.

Dated:  June 30, 2016

                               */s/ Devora Allon*

                              **PATUNAS TARANTINO LLC**
                              Michael E. Patunas
                              24 Commerce Street, Suite 606
                              Newark, NJ  07102
                              (973) 396-8740

                              **KIRKLAND & ELLIS LLP**
                              Jay P. Lefkowitz, P.C.
                              Devora Allon
                              Dmitriy Tishyevich (all admitted *pro hac vice*)
                              601 Lexington Avenue
                              New York, NY 10022
                              (212) 446-4800

                              *Attorneys for Defendants*

30

## **CERTIFICATE OF SERVICE**

I, Dmitry Tishyevich, hereby certify that on June 30, 2016, I served an electronic copy of the foregoing Defendants' Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents and Things to Defendants by email on the following counsel of record:

| | |
|---|---|
| Barry Gainey, Esq. | Michael E. Patunas, Esq. |
| Gainey McKenna & Egleston | Patunas Tarantino LLC |
| 95 Route 17 South | 24 Commerce Street, Suite 606 |
| Suite 310 | Newark, NJ 07102 |
| Paramus, New Jersey 07652 | mpatunas@patunaslaw.com |
| bgainey@gme-law.com | |

*/s/ Dmitriy Tishyevich*
Dmitriy Tishyevich

# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCIS FENWICK et al., | |
| Plaintiffs, | Case No. 3:12-cv-07354-PGS-DEA |
| - against - | |
| RANBAXY PHARMACEUTICALS INC. et al., | |
| Defendants. | |

## DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS

Defendants, by their undersigned attorneys, hereby submit their supplemental responses and objections to Plaintiffs' First Set of Interrogatories to Defendants, dated May 20, 2016 (the "Interrogatories" and each an "Interrogatory") as follows. Defendants reserve the right to amend, supplement, and correct their objections or responses as necessary.

## GENERAL OBJECTIONS

Defendants incorporate by reference the General Objections set forth in its Responses and Objections to Plaintiffs' First Set of Interrogatories to Defendants.

## SPECIFIC OBJECTIONS AND RESPONSES

## INTERROGATORY NO. 1:

Provide separately for each of the 41 lots of recalled pills, all information and/or documents that the defendants have about each stage of the distribution of the pills, including all downstream distribution to individual stores, from the defendants all the way to the consumers, including every entity or individual (including but not limited to customers, wholesalers, chains, and retail stores) that the pills were shipped to and/or who handled the pills, the location where that occurred, the dates that the pills were shipped and received by each entity or individual, and all related information. Provide the contact information for each entity or individual and if an entity or individual who was involved in the distribution has an account number, shipping number or any other identifying information relating to their involvement or the distribution, provide that information.

**<u>RESPONSE TO INTERROGATORY NO. 1</u>:**

Defendants incorporate by reference the General Objections and the specific objections to Interrogatory No. 5 set forth in the Responses and Objections to Plaintiffs' First Set of Interrogatories to Defendants.  Subject to those objections, and to the extent this Interrogatory seeks information about individual consumers who purchased products from the 41 lots of Atorvastatin subject to the recall that was initiated on or around November 9, 2012 (the "Recalled Atorvastatin") through retail or wholesale transactions, Defendants further respond as follows:  in the ordinary course of business, Defendants do not maintain information regarding distribution and sales of Defendants' products at the individual consumer level.  Thus, Defendants will not provide information regarding distribution and sales of the Recalled Atorvastatin at the individual consumer level.

**<u>INTERROGATORY NO. 2</u>:**

Describe in detail what information and/or documents the defendants have concerning any consumers who purchased any of the pills from the 41 lots of recalled pills, including but not limited to their identities and contact information, and state where the information and documents are located and in what format.

**<u>RESPONSE TO INTERROGATORY NO. 2</u>:**

Defendants incorporate by reference the General Objections and the specific objections to Interrogatory No. 19 set forth in the Responses and Objections to Plaintiffs' First Set of Interrogatories to Defendants. Subject to those objections, and to the extent this Interrogatory seeks information about individual consumers who purchased the Recalled Atorvastatin through retail or wholesale transactions, Defendants respond as follows:  in the ordinary course of business, Defendants do not maintain information regarding distribution and sales of Defendants' products at the individual consumer level.  Thus, Defendants will not provide information regarding distribution and sales of the Recalled Atorvastatin at the individual consumer level.

2

**INTERROGATORY NO. 3:**

Describe in detail what information, documents or knowledge the defendants have concerning or relating to any private, public or government database or collection of information that exists to determine or track which retailers or other entities were in the distribution chain that received the 41 lots of recalled pills and/or which consumers received any of the pills from those retailers or other entities.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants incorporate by reference the General Objections and the specific objections to Interrogatory No. 20 set forth in the Responses and Objections to Plaintiffs' First Set of Interrogatories to Defendants. Subject to those objections, and to the extent this Interrogatory seeks information about individual consumers who purchased the Recalled Atorvastatin through retail or wholesale transactions, Defendants respond as follows: in the ordinary course of business, Defendants do not maintain information regarding distribution and sales of Defendants' products at the individual consumer level. Thus, Defendants will not provide information regarding distribution and sales of the Recalled Atorvastatin at the individual consumer level.

3

Dated:  August 12, 2016

                                       */s/ Devora Allon*

**PATUNAS TARANTINO LLC**
Michael E. Patunas
24 Commerce Street, Suite 606
Newark, NJ  07102
(973) 396-8740

**KIRKLAND & ELLIS LLP**
Jay P. Lefkowitz, P.C.
Devora Allon
Dmitriy Tishyevich (all admitted *pro hac vice*)
601 Lexington Avenue
New York, NY 10022
(212) 446-4800


*Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

I, Dmitriy Tishyevich, hereby certify that on August 12, 2016, I served an electronic copy

of the foregoing Responses and Objections to Plaintiffs' First Set of Interrogatories by email on

the following counsel of record:

Barry Gainey, Esq.                         Michael E. Patunas, Esq.
Gainey McKenna & Egleston         Patunas Tarantino LLC
95 Route 17 South                          24 Commerce Street, Suite 606
Suite 310                                        Newark, NJ 07102
Paramus, New Jersey 07652            mpatunas@patunaslaw.com
bgainey@gme-law.com


                                                        /s/ Dmitriy Tishyevich
                                                        Dmitriy Tishyevich

# EXHIBIT 4

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, New York 10022

Dmitriy Tishyevich
To Call Writer Directly:
(212) 446-6453
dmitriy.tishyevich@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

August 12, 2016

**Via E-mail & Federal Express**

Barry Gainey, Esq.
Gainey McKenna & Egleston
95 Route 17 South, Suite 310
Paramus, NJ 07652
bgainey@gme-law.com

Re:  *Fenwick v. Ranbaxy Pharms., Inc., et al.*, Case No. 3:12-cv-07354-PGS-DEA (D.N.J.)

Dear Barry:

As we discussed during our meet and confer on August 3, I am serving a production of documents on behalf of Defendants, Bates-stamped RANBAXY_FEN0000095 to RANBAXY_FEN0000891.  Defendants produce these documents subject to and without waiving any of their previous objections to Plaintiffs' document requests.

This production contains Confidential information under the protective order entered by the Court.  Please treat it accordingly.  In making this production, Ranbaxy does not waive and expressly reserves all privileges and protections afforded to it under applicable law, including but not limited to the attorney-client privilege and the attorney work product doctrine.  This production is password-protected, and I will send you the password separately via email.

Best regards,

Dmitriy Tishyevich

Enclosure (via FedEx only)

cc:    Devora Allon

Michael Patunas

Beijing   Chicago   Hong Kong   Houston   London   Los Angeles   Munich   Palo Alto   San Francisco   Shanghai   Washington, D.C.

KE 42696780.2

# EXHIBIT 5

**INTERROGATORY NO. 5:**

Provide separately for each of the 41 lots of recalled pills, all information and/or documents that the defendants have about each stage of the distribution of the pills, including all downstream distribution to individual stores, from the defendants all the way to the consumers, including every entity or individual (including but not limited to customers, wholesalers, chains, and retail stores) that the pills were shipped to and/or who handled the pills, the location where that occurred, the dates that the pills were shipped and received by each entity or individual, and all related information. Provide the contact information for each entity or individual and if an entity or individual who was involved in the distribution has an account number, shipping number or any other identifying information relating to their involvement or the distribution, provide that information.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to this Interrogatory as vague and ambiguous to the extent uses the

phrase "all information and/or documents that the defendants have about each stage of the

distribution of the pills." Defendants further object to this Interrogatory as overly broad and

unduly burdensome to the extent it requests information about "all," "any," "each," or "every"

subject matter of the Interrogatory. Defendants further object because this Interrogatory seeks

documents not in Defendants' possession, custody or control. Defendants further object to this

Interrogatory because it is duplicative of Request for Production No. 6 to the extent it requests

"for each of the 41 lots of recalled pills, all information and/or documents that the defendants

have about each stage of the distribution of the pills, including all downstream distribution to

individual stores, from the defendants all the way to the consumers, including every entity or

individual (including but not limited to customers, wholesalers, chains, and retail stores) that the

pills were shipped to and/or who handled the pills, the location where that occurred, the dates that

the pills were shipped and received by each entity or individual, and all related information" and

to the extent it requests "the contact information for each entity or individual and if an entity or

individual who was involved in the distribution has an account number, shipping number or any

other identifying information relating to their involvement or the distribution." Subject to the

foregoing and to the General Objections, Defendants respond that: Defendants will produce non-

privileged, responsive documents sufficient to identify the customers and consumers who

purchased the 41 lots of Atorvastatin subject to the recall that was initiated on or around

November 9, 2012, if any, located after a reasonably diligent, proportional search.

## DEFENDANTS' SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 5, WHICH THEY INCORRECTLY LABELLED AS INTERROGATORY NO. 1

### RESPONSE TO INTERROGATORY NO. 1:

Defendants incorporate by reference the General Objections and the specific objections to Interrogatory No. 5 set forth in the Responses and Objections to Plaintiffs' First Set of Interrogatories to Defendants. Subject to those objections, and to the extent this Interrogatory seeks information about individual consumers who purchased products from the 41 lots of Atorvastatin subject to the recall that was initiated on or around November 9, 2012 (the "Recalled Atorvastatin") through retail or wholesale transactions, Defendants further respond as follows: in the ordinary course of business, Defendants do not maintain information regarding distribution and sales of Defendants' products at the individual consumer level. Thus, Defendants will not provide information regarding distribution and sales of the Recalled Atorvastatin at the individual consumer level.

EXHIBIT 6

**INTERROGATORY NO. 6:**

For the 41 lots of recalled pills, provide all information and documents that the defendants have about or relating to how many bottles were in the 41 lots (broken down by the number of 90 pill bottles and 500 pill bottles), how many bottles were returned as part of the recall (broken down by the number of 90 pill bottles and 500 pill bottles), what entity or individual each bottle was returned from and who they were they returned to, and all available identifying information about the returned bottles (including lot number, NDC number, bottle number, prescription number, identity and contact information of the retail store and the consumer involved).

**RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to this Interrogatory as vague and ambiguous to the extent it uses the phrase "all available identifying information about the returned bottles." Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it requests information about "all," "any," or "each" subject matter of the Interrogatory. Defendants further object to this Interrogatory because it is duplicative of Request for Production No. 8. Subject to the foregoing and the General Objections, Defendants will produce non-privileged, responsive documents sufficient to identify the 41 lots of Atorvastatin subject to the recall that was initiated on or around November 9, 2012, if any, located after a reasonably diligent, proportional search.

# EXHIBIT 7

**INTERROGATORY NO. 8:**

For the 41 lots of recalled pills, state separately the identity of the defendants' "customer" that each bottle was sold to and/or shipped to (organized by "customer") and for each "customer" provide all information and documents that the defendants have, including all available contact information for them, the defendants' account numbers or similar identifying information for each customer, the customers' account numbers or similar identifying information for each sale or shipment from the defendants, any "downstream distribution" information known by defendants, and any other tracking information for each bottle of pills.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to this Interrogatory as vague and ambiguous to the extent it uses the phases "customer," "identifying information," "downstream distribution," and "tracking information." Defendants further object to this Interrogatory as overly broad, unduly burdensome, and seeking information not relevant to any claims or defenses to the extent it requests information about "all," "any," or "each" subject matter of the Interrogatory, including Plaintiffs' request that Defendants provide "all information and documents" regarding each of the entities to whom the 41 lots of the Atorvastatin were shipped. Defendants further object to this Interrogatory to the extent it is duplicative of Requests for Production Nos. 5 and 6. Subject to the foregoing and the General Objections, Defendants will produce non-privileged, responsive documents sufficient to identify the customers who purchased the 41 lots of Atorvastatin subject to the recall that was initiated on or around November 9, 2012, if any, located after a reasonably diligent, proportional search.

# EXHIBIT 8

**INTERROGATORY NO. 19:**

Describe in detail what information and/or documents the defendants have concerning any consumers who purchased any of the pills from the 41 lots of recalled pills, including but not limited to their identities and contact information, and state where the information and documents are located and in what format.

**RESPONSE TO INTERROGATORY NO. 19:**

Defendants object to this Interrogatory as vague, ambiguous, overbroad, and seeking irrelevant information to the extent it asks Defendants to describe without limitation "in detail what information and/or documents the defendants have concerning any consumers who purchased any of the pills from the 41 lots of recalled pills." Defendants further object that this Interrogatory seeks information not in Defendants' possession, custody, or control. Defendants further object to this Interrogatory to the extent it is duplicative of Request for Production No. 32. Subject to these and the General Objections, Defendants respond that: Defendants will produce non-privileged, responsive documents sufficient to identify the consumers who purchased the 41 lots of Atorvastatin subject to the recall that was initiated on or around November 9, 2012, if any, located after a reasonably diligent, proportional search.

**DEFENDANTS' SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 19, WHICH THEY INCORRECTLY LABELLED AS INTERROGATORY NO. 2**

**INTERROGATORY NO. 2:**

Describe in detail what information and/or documents the defendants have concerning any consumers who purchased any of the pills from the 41 lots of recalled pills, including but not limited to their identities and contact information, and state where the information and documents are located and in what format.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants incorporate by reference the General Objections and the specific objections to Interrogatory No. 19 set forth in the Responses and Objections to Plaintiffs' First Set of Interrogatories to Defendants. Subject to those objections, and to the extent this Interrogatory seeks information about individual consumers who purchased the Recalled Atorvastatin through retail or wholesale transactions, Defendants respond as follows: in the ordinary course of business, Defendants do not maintain information regarding distribution and sales of Defendants' products at the individual consumer level. Thus, Defendants will not provide information regarding distribution and sales of the Recalled Atorvastatin at the individual consumer level.

# EXHIBIT 9

**INTERROGATORY NO. 12:**

Describe the computer system(s) used by the defendants to track which "customers" were shipped specific products, including the name of it, the software and hardware involved, the department and individual(s) who are responsible for the management of that computer system, a detailed list of the fields available in the software for information entry and storage, a detailed list of the fields used by the defendants currently and, if those fields have changed since November 2010 (two years before the recall), a detailed list of all of the fields used by the defendants from November 2010 to the present date.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to this Interrogatory as vague and ambiguous to the extent it uses the phrases "customers," "responsible for the management of that computer system," and "fields available in the software for information entry and storage." Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it requests information about "all" or "detailed list of" the subject matter of the Interrogatory. Defendants further object to the extent this Interrogatory seeks information prior to January 1, 2012. Defendants further object to this Interrogatory to the extent it is duplicative of Requests for Production Nos. 16 and 17. Defendants further object to this Interrogatory as premature because it calls for information regarding merits discovery rather than class certification discovery.

EXHIBIT 10

**INTERROGATORY NO. 13:**

Can the defendants prepare, produce or create a report or electronic file/spreadsheet that lists the "customers" or other entities to which the 41 lots of recalled pills were shipped, the specific details for the pills shipped to each, and the specific details for the pills returned by each "customer" or other entity or individual? If so, describe the different computer formats that it can be produced in, the software that can be used to prepare it and search it, and provide a copy of the report or electronic file/spreadsheet.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to this Interrogatory as vague and ambiguous to the extent it uses the phrase "specific details for the pills shipped to each" and the "specific details for the pills returned by each 'customer' or other entity or individual." Defendants further object to to this Interrogatory to the extent it seeks information not in Defendants' possession, custody, or control, and to the extent it would require Defendants to create new documents. Defendants further object to this Interrogatory to the extent it is duplicative of Request for Production No. 18. Subject to the foregoing and the General Objections, Defendants refer Plaintiffs to Response to Interrogatory No. 8.

EXHIBIT 11

**INTERROGATORY NO. 21:**

Describe in detail the relationship and all interaction between the defendants and Inmar (which was described as "Ranbaxy's Customer Coordinator" in a release by the defendants about the recall), including but not limited to the purpose of the relationship, any payments made, all communications between the defendants and Inmar, any contracts between the defendants and Inmar, all information and documents exchanged between the defendants and Inmar, and all information or documents that the defendants know Inmar has or had relating to the subject matter of this litigation, the recall, and the plaintiffs' claims, or which the defendants believe Inmar may have or may have had in its possession relating thereto.

**RESPONSE TO INTERROGATORY NO. 21:**

Defendants object to this Interrogatory as vague and ambiguous to the extent it uses the phrases "relationship and all interaction," and "the purpose of the relationship . . . between the defendants and Inmar." Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it requests information about "detail," "all," or "any" subject matter of the Interrogatory. Defendants further object to this Interrogatory as seeking irrelevant information, including for example through Plaintiffs' request that Defendants describe "all interaction[s]" between Defendants and Inmar and that Defendants describe "all information and documents exchanged between the defendants and Inmar." Defendants further object to this Interrogatory to the extent it is duplicative of Request for Production No. 34. Defendants further object to this Interrogatory as premature because it calls for information regarding merits discovery rather than class certification discovery.

# EXHIBIT 12

**INTERROGATORY NO. 9:**

In a release dated November 28, 2012, the defendants stated that "Ranbaxy has notified its distributors and retailers by e-mail/FedEx and has arranged for return of the affected lots. Distributors/retailers have stopped further distribution of the affected lots and are in the process of returning any affected product to Ranbaxy." Provide all information and documents concerning the actions and information described in the excerpt above, including a list of the distributors and retailers that the defendants "notified" (listing their contact information, account information and other identifying information, and the specific lots and bottles of pills each distributor and retailer was involved with), a copy of all e-mails and documents that were sent via FedEx to the distributors and retailers referred to in the excerpt above, a copy of any reply e-mails, subsequent e-mails, correspondence or communications relating to the notification or to the recall, and any information and documents that form the basis for the defendant' statement that "distributors/retailers stopped further distribution of the affected lots and are in the process of returning any affected product to Ranbaxy".

**RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information to the extent it requests information about "all," "any," or "each" subject matter of the Interrogatory. Defendants further object to this Interrogatory to the extent it calls for identification of information before applicable deadlines as set forth in the Pretrial Scheduling Order bifurcating class certification and merits discovery. Defendants further object to this Interrogatory to the extent it is duplicative of Requests for Production Nos. 5 and 8. Defendants further object to this Interrogatory as premature because it calls for information regarding merits discovery rather than class certification discovery.

EXHIBIT 13

**INTERROGATORY NO. 10:**

State whether the defendants notified anyone else other than the retailers and distributors referred to in the interrogatory above, including the defendants' "customers", wholesalers, insurance companies, third-party payors, consumers, government agencies or departments, or anyone else.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to this Interrogatory as overly broad and unduly burdensome to the extent it requests information about "anyone else other than retailers and distributors referred to in the interrogatory above." Defendants further object to this Interrogatory to the extent it is duplicative of Requests for Production Nos. 5, 8, and 10. Defendants further object to this Interrogatory as premature because it calls for information regarding merits discovery rather than class certification discovery.

# EXHIBIT 14

## INTERROGATORY NO. 15:

With respect to the specific type of pills involved in this case, describe in detail the defendants' pricing structure at the time period involved in this case, state whether the pricing varied for any reasons, state separately the price that the defendants charged each "customer" when they sold the 41 lots of recalled pills (broken down by "customer", pill dosage, and number of pills in a bottle), and state the amounts that the defendants refunded, paid back, or otherwise credited to their customers for pills in the 41 lots of recalled pills that the customers returned. Attach all documents relating to the defendants' sale of the 41 lots and any refund or credit for returned pills.

## RESPONSE TO INTERROGATORY NO. 15:

Defendants object to this Interrogatory as vague and ambiguous to the extent it uses the phrases "specific type of pills involved in this case" and "pricing structure." Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent it requests information about "all," "any," or "detail" of the subject matter of the Interrogatory. Defendants further object to this Interrogatory to the extent it is duplicative of Requests for Production Nos. 23, 24, 25 and 26. Defendants further object to this Interrogatory as premature because it calls for information regarding merits discovery rather than class certification discovery.

# EXHIBIT 15

**INTERROGATORY NO. 16:**

State all information and documents in defendants' possession or knowledge concerning the retail value of uncontaminated pills of the type involved in this case (broken down by pill dosage and number of pills in a bottle) and if the defendants do not have any information and documents relating thereto, state the defendants' understanding of the price range that the pills sell for on the retail market as well as the basis for that understanding.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendants object to this Interrogatory as overly broad and unduly burdensome to the extent it requests information about "all" or "any" subject matter of the Interrogatory. Defendants further object to this Interrogatory to the extent it is duplicative of Request for Production No. 27. Defendants further object to this Interrogatory because, to the extent it requests "if the defendants do not have any information and documents relating thereto, state the defendants' understanding of the price range that the pills sell for on the retail market as well as the basis for that understanding," it seeks information not in Defendants' possession, custody or control. Defendants further object to this Interrogatory as premature because it calls for information regarding merits discovery rather than class certification discovery.

# EXHIBIT 16

**INTERROGATORY NO. 20:**

Describe in detail what information, documents or knowledge the defendants have concerning or relating to any private, public or government database or collection of information that exists to determine or track which retailers or other entities were in the distribution chain that received the 41 lots of recalled pills and/or which consumers received any of the pills from those retailers or other entities.

**RESPONSE TO INTERROGATORY NO. 20:**

Defendants object to this Interrogatory as vague, ambiguous, overbroad, and seeking

irrelevant information to the extent it asks Defendants to describe without limitation "in detail

what information, documents or knowledge the defendants have concerning or relating to" certain

databases or collections of information.  Defendants further object to this Interrogatory to the

extent it is duplicative of Request for Production No. 33.  Subject to the foregoing and the General

Objections, Defendants refer Plaintiffs to Response to Interrogatory No. 5.

**DEFENDANTS' SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 20,
WHICH THEY INCORRECTLY LABELLED AS INTERROGATORY NO. 3**

**INTERROGATORY NO. 3:**

Describe in detail what information, documents or knowledge the defendants have concerning or relating to any private, public or government database or collection of information that exists to determine or track which retailers or other entities were in the distribution chain that received the 41 lots of recalled pills and/or which consumers received any of the pills from those retailers or other entities.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants incorporate by reference the General Objections and the specific objections to

Interrogatory No. 20 set forth in the Responses and Objections to Plaintiffs' First Set of

Interrogatories to Defendants.  Subject to those objections, and to the extent this Interrogatory

seeks information about individual consumers who purchased the Recalled Atorvastatin through

retail or wholesale transactions, Defendants respond as follows:  in the ordinary course of

business, Defendants do not maintain information regarding distribution and sales of Defendants'

products at the individual consumer level.  Thus, Defendants will not provide information

regarding distribution and sales of the Recalled Atorvastatin at the individual consumer level.

# EXHIBIT 17

## INTERROGATORY NO. 1:

For the person(s) answering these Interrogatories, state the full name, the employer, the full corporate or other business title, the job duties, the length of time he or she has been with the defendants, the residence and business address, and the date of birth.

## RESPONSE TO INTERROGATORY NO. 1:

Defendants object to this Interrogatory to the extent it requests "the job duties, the length of time he or she has been with the defendants, the residence and business address, and date of birth" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and the General Objections, Defendants respond that the Interrogatory Responses were prepared with the assistance and advice of Defendants' outside counsel, Kirkland & Ellis LLP, and refer Plaintiffs to the Verification that follow these Interrogatory Responses.

# EXHIBIT 18

**INTERROGATORY NO. 2:**

Identify all persons with whom the person(s) executing the answers to these interrogatories consulted or obtained information or documents from in the preparation of the answers, and specify with respect to each person consulted, or from whom information or documents were obtained, the specific numbers of the interrogatories about which he/she was consulted or about which he or she provided information or documents.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to this Interrogatory to the extent it requests that Defendants "specify with respect to each person consulted, or from whom information or documents were obtained, the specific numbers of the interrogatories about which he/she was consulted or about which he or she provided information or documents" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent this Interrogatory conflicts with Local Rule 33(b). Defendants further object to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client and/or attorney work product privileges.   Defendants refer Plaintiffs to the Verification that follow these Interrogatory Responses.