RECEIVED

JAN 13 2017

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCIS FENWICK et al.,<br><br>    Plaintiffs,<br><br> - against -<br><br>RANBAXY PHARMACEUTICALS INC. et al.,<br><br>    Defendants. | Case No. 3:12-cv-07354-PGS-DEA<br><br>*Electronically Filed* |

**<u>ORDER TO SEAL</u>**

**THIS MATTER** having come before the Court by way of joint motion by Lead Plaintiffs Francis Fenwick, Edward Safran, Steve Harding, Mary Wardrett, and Linda Young (collectively, "Lead Plaintiffs" or "Plaintiffs") and Defendants Ranbaxy Pharmaceuticals, Inc., Ranbaxy Laboratories, Ltd., Ranbaxy Laboratories, Inc., Ranbaxy, Inc., Ranbaxy USA, and Ohm Laboratories (collectively, "Ranbaxy" or "Defendants") seeking an order pursuant to Local Civil Rule 5.3(c) sealing the following documents (referred to herein as the "Confidential Documents") (Dkt. 81, 84 & 85):

- The entirety of Exhibit 4 to Letter from Michael E. Patunas to the Hon. Douglas E. Arpert regarding discovery disputes with Exhibits (Dkt. 81);

- The entirety of the spreadsheets appended to the Letter from Barry J. Gainey, Esq. (Dkt. 84);

- The entirety of Exhibits 1-36 to the Letter from Barry J. Gainey, Esq. (Dkt. 85);

The Court noting that pursuant to Local Civil Rule 5.3(c) the Court may restrict public access to any materials or judicial proceedings upon request by any party, L. Civ. R. 5.3(c)(1), but that the party seeking to seal documents or to otherwise restrict public access must demonstrate: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available, see L. Civ. R. 5.3(c)(2); and for good cause shown, the Court finds as follows:

### FINDINGS OF FACT

1. The Confidential Documents contain or reflect Lead Plaintiffs' personal health information, Ranbaxy's communications with the FDA regarding the recall provided to the FDA on a confidential basis, and highly proprietary business information regarding Ranbaxy's products and customers.

2. The Confidential Documents contain information that Lead Plaintiffs and Ranbaxy deem and maintain as confidential and proprietary information.

3. Outside counsel for Lead Plaintiffs and in-house counsel for Ranbaxy have submitted Declarations stating that Lead Plaintiffs and Ranbaxy have an interest in not publicly disclosing this information and relies on such information, to the extent applicable, to maintain privacy, advance respective business strategies, and to maintain a competitive advantage.

4. Commercially sensitive and proprietary information, such as non-public information related to Ranbaxy's confidential business information embodies content which, if disclosed, may harm its competitive standing.

5. Plaintiffs and Defendants—private parties—are engaged in a class action lawsuit. Ranbaxy has a legitimate interest in ensuring that its confidential and proprietary non-public information remain undisclosed. Lead Plaintiffs have a legitimate interest in ensuring that their personal health information remains undisclosed.

6. In light of their reference to, and disclosure of, non-public business information that is otherwise unavailable to third parties, the public disclosure of the Confidential Documents identified above poses a substantial risk of harm to Lead Plaintiffs' privacy and Ranbaxy's legitimate proprietary interests and competitive position. Disclosure of specific information relating to Plaintiffs medical history and personal identifying information could lead to identity theft.

7. The parties' request to seal the Confidential Documents is narrowly tailored to restrict access only to Lead Plaintiffs' personal health information, and to Ranbaxy's communications with the FDA regarding the recall as well as proprietary business information regarding Ranbaxy's products and customers.

8. The disclosure of this confidential, proprietary information may pose an identity theft and embarrassment risk for Lead Plaintiffs, as well as financial and competitive risk to Ranbaxy. Maintaining the identified Confidential Documents under seal protects such interest.

## CONCLUSIONS OF LAW

9. There exists in civil cases a common law public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

10. This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

11. Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 94 9 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

12. Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing. *See Littlejohn*, 851 F.2d at 678 (citations omitted).

13.     This Court has held that the inclusion of trade secrets and other confidential information in documents warrant the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.* (citations omitted).

14.     This Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

15.     Protection of a party's interest in confidential commercial information, such as a trade secret, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. *See Publicker*, 733 F.2d at 1071.

16.     Under Local Civil Rule 5.3(c) (2), a party seeking to seal documents must meet the fourth prong that no less restrictive alternative to the relief sought is available. *See Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-cv-04394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).

17.     The sealing of confidential documents and information is an accepted practice in the District of New Jersey. *See In re Gabapentin Patent Litig.*, 312 F. Supp. 2d at 653.

**ACCORDINGLY, IT IS** on this  9th  day of  January , 2017, hereby ORDERED that Lead Plaintiffs' and Ranbaxy's Joint Motion to Seal: (1) Exhibit 4 to Letter from Michael E. Patunas to the Hon. Douglas E. Arpert, filed November 18, 2016 (Dkt. 81); (2) The Spreadsheets Provided to the Court Appended to the Letter from Barry J. Gainey, Esq. (Dkt. 84); and (3) The Entirety of Exhibits 1-36 to the Letter from Barry J. Gainey, Esq. (Dkt. 85), shall be, and hereby is, GRANTED; and it is further

**ORDERED** that: (1) Exhibit 4 to Letter from Michael E. Patunas to the Hon. Douglas E. Arpert, filed November 18, 2016 (Dkt. 81); (2) the Spreadsheets Provided to the Court Appended to the Letter from Barry J. Gainey, Esq. (Dkt. 84); and (3) the Entirety of Exhibits 1-36 to the Letter from Barry J. Gainey, Esq. (Dkt. 85), shall be maintained UNDER SEAL by the Clerk of the Court.

_____
Hon. Douglas E. Arpert, U.S.M.J.

— Terminates ECF No. 88