# GAINEY McKENNA & EGLESTON

ATTORNEYS AT LAW
e-mail: info@gme-law.com

| | |
|---|---|
| **95 ROUTE 17 SOUTH**<br>**SUITE 310**<br>**PARAMUS, NEW JERSEY 07652**<br>**TEL: (201) 225-9001**<br>**FAX: (201) 225-9002**<br><br>Please Reply to Paramus Address | **440 PARK AVENUE SOUTH**<br>**FIFTH FLOOR**<br>**NEW YORK, NEW YORK 10016**<br>**TEL: (201) 225-9001**<br>**FAX: (201) 225-9002**<br><br>Please Reply to Paramus Address |

January 20, 2017

**VIA ECF**
Magistrate Judge Douglas E. Arpert
Clarkson S. Fisher Federal Building
& U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:    Request for Amendment of Revised Scheduling Order
               Fenwick, et al. v. Ranbaxy
               Case No.: 12-CV-07354-PGS-DEA
               Our File No.: 170.187

Dear Honorable Judge Arpert:

      Our law firm represents the plaintiffs in the captioned class action case. On January 9, 2017, you conducted a telephone conference about the general status of the case and to address the discovery disputes between the parties. During the telephone call, you made rulings concerning discovery issues. You subsequently issued a Revised Scheduling Order on January 11th. We are writing because the Order that you issued does not contain all of your rulings during the conference.

      We are requesting that you issue a new Revised Scheduling Order, which will include all of your rulings. Below is a list of additional rulings that you made during the conference call that were not included in the Revised Scheduling Order issued on January 11th.

1) You ruled that the defendants' counsel must check with their clients to obtain and produce the following:
   a. any internal documents concerning the recall, the defendants' shipments of the pills in question, and the return of any of those pills; and
   b. any documents from third-parties, including the companies that were involved with the recall for the defendants. Those documents must include reports, spreadsheets, e-mails, and other information in any format that was provided to the defendants by the third-parties relating to the recall, the defendants' shipments of the pills in question, and the return of any of those pills. The documents also must include reports, spreadsheets, e-mails, and other information in any format that the defendants provided to the third-parties relating to the recall, the defendants' shipments of the pills in question, and the return of any of those pills.

    c. [To put those rulings in context, you made the rulings when we were discussing the fact that the defendants produced documents that they sent to the FDA, including some information or documents that they received from third-parties. I requested that we be provided with the backup documents and any correspondence, reports, etc. between the defendants and those third parties as well as the defendants' internal documents (as opposed to only receiving what the defendants provided to the FDA). Your Honor asked the defense counsel if there was a reason that all of that was not produced and defendants had no reason. The defendants appeared uncertain of what other documents exist. That resulted in your rulings.]

2) You ruled that the defendants must review the letters that they sent to plaintiffs' counsel and identify statements and representations contained in the letters concerning discovery or other aspects of the case. The defendants must put that information into interrogatory answers or a signed certification by the defendants which the plaintiffs can rely on going forward. In the alternative, the defendants' counsel can enter into a binding agreement with plaintiffs' counsel that those statements and representations contained in their letters are binding on the defendants in the case going forward.
    a. [To put this ruling in context, you made the ruling when we were discussing the fact that the defendants did not provide any narrative interrogatory answers. The defendants stated that they provided information in their letters to us about the discovery disputes. I pointed out that those representations in defense counsel's letters were not binding on the defendants and that lead to your ruling.]

3) You ruled that the parties must revise the Discovery Confidentiality Order to include a provision concerning the plaintiffs' use of the confidential documents produced by the defendants in their investigation and discovery in the case. In general, you ruled that the plaintiffs must advise the defendants of the documents that they intend to use with specific third parties and the defendants will have 3 business days to inform the plaintiffs if they believe that parts of those documents include information about other third parties that the defendants do not want the specific third party to see. After 3 business days, the plaintiff will be allowed to use the identified documents with the specific third party and defendants will be deemed to have waived any objection. During the conference, I read the language that we proposed be added to the Discovery Confidentiality Order. Our proposed language is below, which I revised to include Your Honor's ruling about the "3 business days". Once you issue a new Revised Scheduling Order, the parties can execute a new Discovery Confidentiality Order that includes the new language.
    a. Proposed Language for Modification of Discovery Confidentiality Order:
        i. As part of investigation or discovery in the case, any third-party individual or company may be shown any documents, information, or thing designated Confidential if the third-party authored or received a copy of it, was involved in the subject matter described therein, is aware of the information described therein, or is or was employed by the party who produced the information, document or thing. The third-party must agree to the non-disclosure agreement in the form attached hereto as Exhibit A ("Agreement to be Bound by Discovery Confidentiality Order"). Before any documents, information, or thing that has been designated Confidential is shown to any third party pursuant to this provision, the party intending to show it to the third party will give notice

to the party that designated the documents, information or thing as confidential. That party will have 3 business days to inform the party that intends to use the documents, information, or thing that they believe that parts of the documents, information, or thing include information about other third parties that the party who designated the documents, information or thing as confidential do not want the specific third party to see. After 3 business days, the the party that intends to use the documents, information, or thing will be allowed to show the identified documents information, or thing with the specific third party and use it in investigation and discovery in the case and the party that designated the documents, information or thing as confidential will be deemed to have waived any objection to the use of the documents, information, or thing designated Confidential.

We request that Your Honor issue a new Revised Scheduling Order that contains the ruling above, which you made during the telephone conference on January 9, 2017. If you prefer, we can submit a Proposed Order containing all of your rulings. Please advise us if that is your preference.

Thank you for your time and consideration in this matter.

Respectfully yours,

GAINEY McKENNA & EGLESTON

Barry J. Gainey

BJG/dxg

cc: Defense Counsel
    (Via ECF)