# GAINEY McKENNA & EGLESTON

ATTORNEYS AT LAW
e-mail: info@gme-law.com

| | |
|---|---|
| 95 ROUTE 17 SOUTH<br>SUITE 310<br>PARAMUS, NEW JERSEY 07652<br>TEL: (201) 225-9001<br>FAX: (201) 225-9002 | 440 PARK AVENUE SOUTH<br>FIFTH FLOOR<br>NEW YORK, NEW YORK 10016<br>TEL: (201) 225-9001<br>FAX: (201) 225-9002 |
| Please Reply to Paramus Address | Please Reply to Paramus Address |

March 3, 2017

**VIA ECF**
Magistrate Judge Douglas E. Arpert
Clarkson S. Fisher Federal Building
& U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

                Re:    Plaintiffs' Proposed Form of Order (as directed by
                     Judge Arpert in his February 17, 2017 Order)
                     Fenwick, et al. v. Ranbaxy
                     Case No.: 12-CV-07354-PGS-DEA
                     Our File No.: 170.187

Dear Honorable Judge Arpert:

      Our law firm represents the plaintiffs in the captioned class action case. We are writing about the proposed form of Order that your February 17th Order directed us to submit to the Court. The defendants will not agree to our proposed form of Order even though it matches the relief we requested in our January 20th letter exactly. They did not oppose the relief requested in that letter and you granted that relief in your February 17th Order.

      The relevant timeline is as follows: on January 9th, there was a court conference conducted by telephone; on January 11th, you issued an Order concerning the issues addressed during the January 9th conference (see Dkt. # 90); on January 20th, I wrote to you requesting that you issue a Revised Scheduling Order that included additional discovery provisions described specifically in my letter (see Dkt. # 92); the defendants did not oppose the request for relief described in my January 20th letter; on February 17th, you issued an Order that referred to my January 20th letter and which directed me to submit a proposed form of Order (see Dkt. # 94); your February 17th Order specifically stated that the "Defendants have not opposed the request" in my January 20th letter; on March 1st, I sent our proposed form of Order to the defendants to review before I submitted it to you; on March 2nd, the defendants informed me that they now, for the first time, are opposing the relief requested in my January 20th letter, which you granted in your February 17th Order.

      So, 41 days after I requested the relief in my January 20th letter, and 13 days after you granted that relief in your February 17th Order, the defendants suddenly are voicing opposition to the relief you already granted. It is a waste of the Court's time, and it is causing further delay in the case. There is a deadline of April 30th for party depositions. We need the discovery that was described in the relief requested in my January 20th letter, which you granted in your February 17th

Order. The proposed form of Order that we sent to the defendants contained the exact language from my January 20th letter and it should be signed.

A copy of the proposed form of Order that we sent to the defendants on March 1st is attached as Exhibit A. It kept every paragraph from your January 11th Order and it added the exact language from my January 20th letter concerning the relief requested. We are requesting that you sign that proposed form of Order attached as Exhibit A, which is consistent with your February 17th Order.

The defendants' opposition is untimely and is just an attempt to re-argue the issues covered during the January 9th conference, addressed in my January 20th letter, and ruled on in your February 17th Order.

The defendants' initial response to the proposed form of Order that we sent to them was to send back a revised version that deleted every part of our proposed order that was the relief requested in my January 20th letter. (Their e-mail of March 2nd and their initial revisions to our proposed order are attached as Exhibit B.) They argued that the transcript from the January 9th conference was enough and an order was not necessary. Of course, that is contrary to your February 17th Order directing me to submit a proposed form of Order.

After additional e-mails between counsel, the defendants offered another revised version of the proposed order that narrowed and changed the discovery that they must produce. (See Exhibit C.) Their version does not include all of the relief requested in my January 20th letter, which you granted in your February 17th Order. Their version also cites certain parts of the transcript from the January 9th conference but ignores other parts of it. (The transcript from the January 9th conference is attached hereto as Exhibit D) Thus, their version of a proposed form of Order is not accurate and should be ignored.

For example, at the top of page 2 of their version (Exhibit C), they cite page 19, lines 12-14 of the transcript for your ruling on the discovery that the defendants must produce. However, they ignore other parts of the transcript concerning the discovery that you ordered the defendants to produce. To get the full picture, more than two lines of the transcript must be reviewed. Pages 10 to 21 of the transcript contain a discussion of discovery issues and it is clear that the discovery that you ordered the defendants to produce is broader than the description contained in their version of the proposed order. On page 13, at line 14, you called the information and documents that I was requesting "baseline information about shipments and returns". The defendants tried to avoid the issues by arguing that they gave us the documents that they gave to the FDA but you noted on page 18, line 18 to 24, that I am entitled to more than just what was submitted to the FDA. You noted that I am entitled to "backup materials the defendants relied on in those submissions, whatever reports it [defendant] had internally, and whatever investigation or other data it [defendant] relied on to make those reports to the FDA." You asked defense counsel if the defendants had produced all of that and they did not have a straight answer. On page 19, the defendants finally said that they produced "some of those reports".

A further review of the transcript shows that you asked the defendants' counsel if there are "other internal documents, memos, reports, that the defendants had relative to these questions, both incoming – and outgoing shipments that have not been produced". (Transcript, page 19, line 12 to 15). On page 20, I noted that the defendants had not given us everything from the third-parties involved in the recall process and that they had not given us everything that the defendants themselves have. In response, you said "well, we're going to ask Mr. Tishyevich to revisit that

question with his clients". You further ruled that the defendants will search again and produce everything that the search yielded and "everything that the defendants have". (Page 21, line 5)

Another part of our proposed form of Order that defendants now oppose for the first time is paragraph 14, which is the provision about the plaintiffs' use of the defendants' documents in pre-deposition investigation with the third-parties to whom the defendants shipped the contaminated pills. The proposed form of Order that we sent to the defendants had the exact language from our January 20th letter in it, plus a sentence about redaction. (The added sentence is "If that occurs, the parties will discuss redaction of the identified information.") Again, they did not oppose the relief requested in my January 20th letter but when we sent our original proposed form of Order to them, they deleted paragraph 14 in its entirety. After we rejected their deletion of the entire provision, they came back with a revised version that limits our use of the documents beyond simply redacting confidential information. This is exactly the problems that we anticipated with the defendants when we agreed to identify the documents for them before using them. Paragraph 14 in our proposed form of Order is sufficient. If the third-parties sign a non-disclosure document and we, as counsel, agree to redact confidential information, the confidential documents are protected. That is how you ruled during the conference and there is no reason to change it now.

Finally, in their latest version of the proposed form of Order, the defendants have inserted paragraphs about discovery items that they want from the plaintiffs. Again, they cite certain parts of the January 9th transcript as support but they ignore other parts. The reality is that during the January 9th conference, and in your January 11th Order, you directed us to provide additional information to the defendants by January 16th. We did that on January 17th because the 16th was a Federal holiday. The defendants did not inform us of any problems with our responses even though they certainly had the time to do so. Despite all of that, they now want to insert paragraphs into the proposed form of Order that expand the discovery that you directed us to provide. The new paragraphs were not even in the first revised version that they sent to us. They cannot raise new issues whenever they want to. Their version of the proposed form of Order should be ignored.

To summarize, we request that Your Honor sign the proposed form of Order that we are submitting, which is attached as Exhibit A. It contains exactly what was in your January 11th Order plus the exact language describing the relief requested in my January 20th letter, which you granted in your February 17th Order, with no opposition from the defendants.

Thank you for your time and consideration in this matter.

Respectfully yours,

GAINEY McKENNA & EGLESTON

Barry J. Gainey

BJG/dxg

cc: Defense Counsel
    (Via ECF)