**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCIS FENWICK et al.,<br><br>        Plaintiffs,<br><br>- against -<br><br>RANBAXY PHARMACEUTICALS INC. et al.,<br><br>        Defendants. | Civil Action No. 12-7354(PGS)(DEA)<br><br>**REVISED SCHEDULING ORDER** |

      This matter having come before the Court during a telephone status conference, on the record, on January 9, 2017; and the Court having conferred with counsel and addressed the Parties' discovery disputes (see Dkt. Nos. 80, 81, 86, and 87); and the Court having set forth reasons on the record on January 9, 2017; and the Court having issued a Revised Scheduling Order dated January 11, 2017(see Dkt No. 92); and

      This matter having further come before the Court by way of Plaintiffs' letter dated January 20, 2017 (see Dkt No. 92) requesting entry of a further Revised Scheduling Order; and the Court having issued an Order dated February 17, 2017 (see Dkt No. 94), which notes that the "Defendants have not opposed the request" of plaintiffs for a further Revised Scheduling Order, and which directs the Plaintiffs to submit to the Court a proposed form of Order that has been agreed to by all parties no later than 14 days from the date of that Order;

      IT IS on this ____ day of March, 2017

ORDERED THAT:

1. Plaintiffs may serve up to 5 supplemental interrogatories and shall do so by <u>January 16, 2017</u>. Defendants' answers to such interrogatories and supplemental responses to plaintiffs' initial interrogatories must be served by <u>February 17, 2017</u>. More specifically, for defendants' supplemental responses to the plaintiffs' initial interrogatories, the defendants' counsel must:
   a. check with their clients to obtain and produce any internal documents concerning the recall, the defendants' shipments of the pills in question, and the return of any of those pills; and
   b. check with their clients to obtain and produce any documents from third-parties, including the companies that were involved with the recall for the defendants. Those documents must include reports, spreadsheets, e-mails, and other information in any format that was provided to the defendants by the third-parties relating to the recall, the defendants' shipments of the pills in question, and the return of any of those pills. The documents also must

      include reports, spreadsheets, e-mails, and other information in any format that the defendants provided to the third-parties relating to the recall, the defendants' shipments of the pills in question, and the return of any of those pills; and

   c. review the letters that they sent to plaintiffs' counsel and identify statements and representations contained in the letters concerning discovery or other aspects of the case. The defendants must put that information into interrogatory answers or a signed certification by the defendants which the plaintiffs can rely on going forward. In the alternative, the defendants' counsel can enter into a binding agreement with plaintiffs' counsel that those statements and representations contained in their letters are binding on the defendants in the case going forward.

2. Plaintiffs must serve supplemental responses to Defendants' initial discovery requests by <u>January 16, 2017</u>.

3. Counsel must conduct the E-Discovery conference required by L. Civ. R. 26.1(d) by <u>January 30, 2017</u>.

4. The deadline to complete party depositions is extended to <u>April 30, 2017</u>.

5. The deadline to complete third party discovery is extended to <u>June 30, 2017</u>. No third party discovery is to be issued or conducted after this date.

6. Counsel must meet and confer in a good faith attempt to resolve any discovery or case management dispute before bringing such dispute to the attention of the Court. Any unresolved dispute must be brought to the Court's attention promptly by letter to the undersigned. Failure to timely raise a discovery dispute may result in a waiver.

7. No discovery motion shall be made without prior leave of the Court.

8. Plaintiffs' expert report on class certification must be served by <u>August 15, 2017</u>. Any such report shall be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

9. Defendants' expert report on class certification must be served by <u>September 23, 2017</u>. Any such report shall be in the form and content as described above.

10. Expert depositions must be completed by <u>October 20, 2017</u>.

11. The Court will conduct telephone status conferences on <u>April 10, 2017</u> at <u>10:30 A.M.</u> and <u>October 10, 2017</u> at <u>2:00 P.M.</u>. Defense counsel will initiate these calls. During the latter call, the Court will set a schedule for *Daubert* motions and/or class certification.

12. The Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of counsel. Failure to appear at subsequent conferences, or to comply with any of the terms of this Order, may result in sanctions.

13. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of the Court, even with consent of all counsel.

14. The parties must revise the Discovery Confidentiality Order to include a provision concerning the plaintiffs' use of the confidential documents produced by the defendants in their investigation and discovery in the case. The new provision in the Discovery Confidentiality Order will provide as follows:
    a. As part of investigation or discovery in the case, any third-party individual or company may be shown any documents, information, or thing designated Confidential if the third-party authored or received a copy of it, was involved in the subject matter described therein, is aware of the information described therein, or is or was employed by the party who produced the information, document or thing. The third-party must agree to the non-disclosure agreement in the form attached hereto as Exhibit A ("Agreement to be Bound by Discovery Confidentiality Order"). Before any documents, information, or thing that has been designated Confidential is shown to any third party pursuant to this provision, the party intending to show it to the third party will give notice to the party that designated the documents, information or thing as confidential. That party will have 3 business days to inform the party that intends to use the documents, information, or thing that they believe that parts of the documents, information, or thing include information about other third parties that the party who designated the documents, information or thing as confidential do not want the specific third party to see. If that occurs, the parties will discuss redaction of the identified information. After 3 business days, the party that intends to use the documents, information, or thing will be allowed to show the identified documents information, or thing to the specific third party and use it in investigation and discovery in the case and the party that designated the documents, information or thing as confidential will be deemed to have waived any objection to the use of the documents, information, or thing designated Confidential.

 

                                                                               _____
DOUGLAS E. ARPERT
United States Magistrate Judge