# EXHIBIT B

## Barry Gainey

| | |
|---|---|
| **From:** | Tishyevich, Dmitriy <dmitriy.tishyevich@kirkland.com> |
| **Sent:** | Thursday, March 02, 2017 11:03 AM |
| **To:** | Barry Gainey |
| **Cc:** | Nicholson, Richard; Allon, Devora W.; *mpatunas@patunaslaw.com |
| **Subject:** | RE: Ranbaxy Case |
| **Attachments:** | KE comments re Revised Scheduled Order 3-1-17_(45939817_1).DOCX |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Barry, thanks. Our edits to your proposed order are attached. Note that the judge directed the parties to submit a revised scheduling order, not an order documenting the rulings from the discovery conference (which we do not think belong in a scheduling order, and which are in any event already document in the transcript). We've revised your proposed order accordingly, and also added prior deadlines, etc. that were in the court's last scheduling order. Also note that from our reading of the transcript of the discovery conference, the judge did not order expert depositions to be completed by October 20, 2017, so we've removed that proposed deadline accordingly—if you have a different reading, please let us know.

Thanks,

**Dmitriy Tishyevich**

---
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
T +1 212 446 6453
F +1 212 446 4900

---
dmitriy.tishyevich@kirkland.com

---

**From:** Barry Gainey [mailto:BGainey@gme-law.com]
**Sent:** Wednesday, March 01, 2017 2:33 PM
**To:** Tishyevich, Dmitriy
**Cc:** Nicholson, Richard; Allon, Devora W.; *mpatunas@patunaslaw.com
**Subject:** Ranbaxy Case

Dmitriy:

Attached is a Revised Scheduling Order, which Judge Arpert directed plaintiffs to submit to him by March 3rd (14 days after his February 17th Order).

The Revised Scheduling Order has the same paragraphs as Judge Arpert's Order dated January 11th except it adds the issues from my January 20th letter. Those items are contained in paragraph numbers (1) (a) to (1)(c) and number 14. As Judge Arpert noted in his Order dated February 17th, the defendants did not oppose the relief requested in our January 20th letter. Nonetheless, I am sending the Revised Scheduling Order to you for comment. Please get back to me relatively soon so that I can submit the Revised Scheduling Order by Friday's deadline.

Also, please note that paragraph 14 of the Revised Scheduling Order is about Judge Arpert's ruling that the parties will revise the Discovery Confidentiality Agreement. The language in paragraph 14 is the same language that was in my January 20th letter about the revision to the Discovery Confidentiality Order except I added one sentence about

1

redaction in order to make it clear. The sentence I added reads as follows: "If that occurs, the parties will discuss redaction of the identified information."

Thank you.

BG

*Barry Gainey, Esq.*
*Gainey McKenna & Egleston*
*95 Route 17 South*
*Suite 310*
*Paramus, New Jersey 07652*
*Tel.: 201-225-9001*
*Fax: 201-225-9002*
*bgainey@gme-law.com*

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCIS FENWICK et al.,<br><br>     Plaintiffs,<br><br>- against -<br><br>RANBAXY PHARMACEUTICALS INC. et al.,<br><br>     Defendants. | Civil Action No. 12-7354(PGS)(DEA)<br><br>**REVISED SCHEDULING ORDER** |

  This matter having come before the Court during a telephone status conference, on the record, on January 9, 2017; and the Court having conferred with counsel and addressed the Parties' discovery disputes (see Dkt. Nos. 80, 81, 86, and 87); and the Court having set forth reasons on the record on January 9, 2017; and the Court having issued a Revised Scheduling Order dated January 11, 2017 (see Dkt No. ~~92~~90); and

  ~~This matter having further come before the Court by way of Plaintiffs' letter dated January 20, 2017 (see Dkt No. 92) requesting entry of a further Revised Scheduling Order; and the~~ The Court having issued an Order dated February 17, 2017 (see Dkt No. 94), ~~which notes that the "Defendants have not opposed the request" of plaintiffs for a further Revised Scheduling Order, and~~ which directs the Plaintiffs to submit to the Court a proposed form of Order that has been agreed to by all parties no later than 14 days from the date of that Order;

  IT IS on this ____ day of March, 2017

ORDERED THAT:

  1. ~~Plaintiffs may serve up to 5 supplemental interrogatories and shall do so by January 16, 2017. Defendants' answers to such interrogatories and supplemental responses to plaintiffs' initial interrogatories must be served by February 17, 2017. More specifically, for defendants' supplemental responses to the plaintiffs' initial interrogatories, the defendants' counsel must:~~
    a. ~~check with their clients to obtain and produce any internal documents concerning the recall, the defendants' shipments of the pills in question, and the return of any of those pills; and~~
    b. ~~check with their clients to obtain and produce any documents from third-parties, including the companies that were involved with the recall for the defendants. Those documents must include reports, spreadsheets, e-mails, and other information in any format that was provided to the defendants by the third-parties relating to the recall, the defendants' shipments of the pills in question, and the return of any of those pills. The documents also must~~

~~include reports, spreadsheets, e-mails, and other information in any format that the defendants provided to the third-parties relating to the recall, the defendants' shipments of the pills in question, and the return of any of those pills; and~~

~~c. review the letters that they sent to plaintiffs' counsel and identify statements and representations contained in the letters concerning discovery or other aspects of the case. The defendants must put that information into interrogatory answers or a signed certification by the defendants which the plaintiffs can rely on going forward. In the alternative, the defendants' counsel can enter into a binding agreement with plaintiffs' counsel that those statements and representations contained in their letters are binding on the defendants in the case going forward.~~

## I.   DISCOVERY

1. In accordance with FED. R. CIV. P. 30, the Parties are limited to 10 depositions, per side. In accordance with FED. R. CIV. P. 33, the Parties will be limited to 25 interrogatories (including all subparts) per party.

2. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

3. In accordance with FED. R. CIV. P. 30, the Parties are limited to 10 depositions, per side. In accordance with FED. R. CIV. P. 33, the Parties will be limited to 25 interrogatories (including all subparts) per party.

4. Any motion to amend the pleadings or join new parties, whether by amended or third-party complaint must have been filed by August 15, 2016.

5. Plaintiff will serve 5 supplemental interrogatories by January 16, 2017.

~~1.~~ Plaintiffs must serve supplemental responses to Defendants' initial discovery requests by January 16, 2017.

6.

Counsel must conduct the E-Discovery conference required by L. Civ. R. 26.1(d) by January 30, 2017.

7. Defendant will serve responses to Plaintiff's supplemental interrogatories by February 17, 2017.

~~2.~~8. The deadline to complete party depositions relating to class certification is extended to April 30, 2017.

3.9.    The deadline to complete third party discovery relating to class certification is extended to June 30, 2017. No third party discovery relating to class certification is to be issued or conducted after this date.

4.10.   Counsel must meet and confer in a good faith attempt to resolve any discovery or case management dispute before bringing such dispute to the attention of the Court. Any unresolved dispute must be brought to the Court's attention promptly by letter to the undersigned. Failure to timely raise a discovery dispute may result in a waiver.

11.     No discovery motion shall be made without prior leave of the Court.

## I.II.   EXPERTS

5.12.   Plaintiffs' expert report on class certification must be served by August 15, 2017. Any such report shall be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

6.13.   Defendants' expert report on class certification must be served by September 2322, 2017. Any such report shall be in the form and as required by Fed. R. Civ. P. 26(a)(2)(B)content as described above.

7.

8.      Expert depositions must be completed by October 20, 2017.

## II.III.  FUTURE CONFERENCES

14.     The Court will conduct telephone status conferences on April 10, 2017 at 10:30 A.M. and October 10, 2017 at 2:00 P.M. Defense counsel will initiate these calls. During the latter call, the Court will set a schedule for *Daubert* motions and/or class certification.

9.15.   If the conference is to be conducted via "dial-in", counsel are instructed to call Chambers after all participants are on line.

10.16.  The Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of counsel. Failure to appear at subsequent conferences, or to comply with any of the terms of this Order, may result in sanctions.

~~11.~~<u>17</u>.  Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of the Court, even with consent of all counsel.

~~2. The parties must revise the Discovery Confidentiality Order to include a provision concerning the plaintiffs' use of the confidential documents produced by the defendants in their investigation and discovery in the case. The new provision in the Discovery Confidentiality Order will provide as follows:~~
    ~~a. As part of investigation or discovery in the case, any third-party individual or company may be shown any documents, information, or thing designated Confidential if the third-party authored or received a copy of it, was involved in the subject matter described therein, is aware of the information described therein, or is or was employed by the party who produced the information, document or thing. The third-party must agree to the non-disclosure agreement in the form attached hereto as Exhibit A ("Agreement to be Bound by Discovery Confidentiality Order"). Before any documents, information, or thing that has been designated Confidential is shown to any third party pursuant to this provision, the party intending to show it to the third party will give notice to the party that designated the documents, information or thing as confidential. That party will have 3 business days to inform the party that intends to use the documents, information, or thing that they believe that parts of the documents, information, or thing include information about other third parties that the party who designated the documents, information or thing as confidential do not want the specific third party to see. If that occurs, the parties will discuss redaction of the identified information. After 3 business days, the party that intends to use the documents, information, or thing will be allowed to show the identified documents information, or thing to the specific third party and use it in investigation and discovery in the case and the party that designated the documents, information or thing as confidential will be deemed to have waived any objection to the use of the documents, information, or thing designated Confidential.~~

 

                                            _____

                                            DOUGLAS E. ARPERT
                                            United States Magistrate Judge