# PATUNAS LAW LLC

Michael E. Patunas
mpatunas@patunaslaw.com

March 6, 2017

**VIA ECF**

Hon. Douglas E. Arpert, U.S.M.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *Fenwick, et al. v. Ranbaxy Laboratories, LTD., et al.*, No. 3:12-cv-7354 (PGS)

Dear Judge Arpert:

      This firm, together with Kirkland & Ellis LLP, represents Defendants in the above-captioned matter. This letter responds to the Court's February 17, 2017 Order (Dkt. 94) as well as to Plaintiffs' March 3, 2017 letter to the Court (Dkt. 95).

      The parties had a discovery telephonic conference on January 9, 2017, during which the Court made a number of rulings that were documented in the transcript of the conference. At no time during the conference did the Court ask the parties to submit a proposed order documenting those rulings, nor did Plaintiffs or Defendants ask for leave to submit such a proposed order.

      Plaintiffs nonetheless wrote to the Court on January 20, 2017, submitting a proposed Revised Scheduling Order that purportedly documented the Court's rulings. Plaintiffs did not contact Defendants beforehand to collaborate on an agreed proposed order, nor did Plaintiffs even advise Defendants that they were planning on submitting such a proposal. The proposed order that Plaintiffs submitted on January 20 also did not accurately reflect the Court's January 9 rulings. Because the Court had not asked for a proposed order in the first place, however, Defendants awaited further guidance from the Court before submitting anything further.

      On February 17, the Court did issue further guidance: it did not grant "the relief requested in [Plaintiffs'] January 20th letter," as they contend (Dkt. 95 at 1); instead, it directed "Plaintiff . . . to submit to the Court a proposed form of Order that has been agreed to by all parties in this action."

      Plaintiffs then sent their proposed Revised Scheduling Order to Defendants on Wednesday, March 1. Among other things, Plaintiffs proposed incorporating into the Revised Scheduling Order the various rulings on discovery issues and on the parties' protective order that this Court made during the January 9 discovery conference. As Defendants advised Plaintiffs, Defendants believe that the transcript of that conference adequately reflects the Court's rulings and thus there is no need to include those rulings into a separate Revised Scheduling Order—particularly because a Scheduling Order ordinarily does not address rulings on substantive discovery disputes that are not related to any dates.

# PATUNAS LAW LLC

Hon. Douglas E. Arpert, U.S.M.J.
March 6, 2017
P a g e | 2

  Plaintiffs disagreed, sent additional proposed revisions on Thursday evening, and advised Defendants that if the parties could not reach agreement, Plaintiffs would submit a separate proposal to the Court. In an effort to resolve this dispute, Defendants then provided Plaintiffs with an alternative proposed order on Friday, which incorporated the Court's rulings from the January 9 status conference, but did so (in Defendants' view) in a more accurate way by relying on quotations from the transcript of the conference to the extent possible, rather than by paraphrasing. Defendants also pointed out that Plaintiffs' proposed order did not accurately reflect the rulings the Court made at the discovery conference, because (among other things) it left out altogether the Court's rulings with respect to the additional information and documents that Plaintiffs were ordered to produce.

  Plaintiffs did not agree to this proposed version either and submitted a separate proposal to the Court instead. Plaintiffs' proposal is inaccurate in a number of respects: for example, it completely omits the rulings the Court made on January 9 regarding additional documents and information that Plaintiffs have to produce,[1] and it also misconstrues the Court's rulings with respect to Defendants' discovery obligations. Defendants' proposed order relies on quotes from the transcript of the January 9 discovery conference to the extent possible; thus, Defendants believe that their proposal more accurately represents the Court's rulings. Again, Defendants' view is that the Scheduling Order need not incorporate the Court's January 9 rulings. In the event the Court would like to incorporate such rulings, however, Defendants respectfully submit an alternative proposal (attached hereto) for the Court's consideration.

  Defendants would be glad to provide any additional information that may be helpful to the Court.

                Respectfully,

                */s/ Michael E. Patunas*

                Michael E. Patunas

cc:  All Counsel of Record (Via ECF)

---

[1] Plaintiffs contend that Defendants' proposed order "insert[s] paragraphs into the proposed form of Order that expand the discovery that [the Court] directed [Plaintiffs] to provide." (Dkt. 95 at 3.) Not so: Defendants' proposed order simply quotes the transcript of the discovery status conference in summarizing the additional documents and information that Plaintiffs must provide. Plaintiffs' proposed order, conversely, omits **all** of the Court's rulings with respect to Plaintiffs' discovery obligations.