**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRANCIS FENWICK et al., | |
| Plaintiffs, | Civil Action No. 12-7354(PGS)(DEA) |
| - against - | **REVISED SCHEDULING ORDER** |
| RANBAXY PHARMACEUTICALS INC. et al., | |
| Defendants. | |

  This matter having come before the Court during a telephone status conference, on the record, on January 9, 2017; and the Court having conferred with counsel and addressed the Parties' discovery disputes (see Dkt. Nos. 80, 81, 86, and 87); and the Court having set forth reasons on the record on January 9, 2017; and the Court having issued a Revised Scheduling Order dated January 11, 2017 (see Dkt No. 90); and

  This matter having further come before the Court by way of Plaintiffs' letter dated January 20, 2017 (see Dkt No. 92) requesting entry of a further Revised Scheduling Order; and the Court having issued an Order dated February 17, 2017 (see Dkt No. 94), which directs the Plaintiffs to submit to the Court a proposed form of Order that has been agreed to by all parties no later than 14 days from the date of that Order;

  IT IS on this \_\_\_\_ day of March, 2017

**ORDERED THAT:**

1. Plaintiffs may serve up to 5 supplemental interrogatories and shall do so by <u>January 16, 2017</u>. Defendants' answers to such interrogatories and supplemental responses to Plaintiffs' initial interrogatories must be served by <u>February 17, 2017</u>. More specifically, with respect to Defendants' responses to the Plaintiffs' supplemental interrogatories and Plaintiffs' responses to Defendants initial interrogatories and requests for production:
   a. Defendants' counsel must confirm with their clients the scope of their good faith search for documents, and to the extent they have not already been produced, produce responsive "other internal documents, memos, reports, that the defendants had relative to these questions, both ingoing -- outgoing and incoming shipments" (Jan. 9, 2017 Hr'g Tr. at 19:12-14), including from third-party "vendors who were handling the recall." (*Id.* at 19:9.)
   b. Defendants' counsel must "work with [Plaintiffs' counsel]" to "identify those aspects of the correspondence that was exchanged in the meet and confer effort to provide clarification or explanation concerning the defendants'

      production" to reduce that information into a response "that the plaintiffs can rely on as the case goes forward, whether it's by certification, or whether it's by some form of representation that the company will be bound by the explanations provided by counsel and correspondence exchange[d.]" (*Id.* at 21:8-18.)

    c. Concerning Defendants' Interrogatory 1 and RFP 2, Plaintiffs must provide information and documents concerning each of the named Plaintiffs' "purchasing history" for all atorvastatin from either Ranbaxy or "another manufacturer" for the "months preceding the recall" (*id.* at 30:19-31:7) going back to January 1, 2012, including but not limited to "actual proof of purchase like receipts, credit card statements, [and] bank statements." (*Id.* at 27:15.) If Plaintiff does not have information or documents relating to proof of purchase, they must so state. (*Id.* at 32:1-7.)

    d. Concerning Defendants' Interrogatories Nos. 13-15 and Request for Production No. 19 concerning express and implied warranties, Plaintiffs must "supplement to the plaintiffs' answers to that interrogatory that -- to the extent it's true, that none of the named plaintiffs relied upon any statements, representations, materials, or other -- the documents produced by Ranbaxy" (*Id.* at 48:3-11, 56:4-8), and if Plaintiffs did rely on an implied or express warranty, that they identify "[w]ho made it, when, what was the content." (*Id.* 56:25-57-4.)

    e. Concerning Interrogatory No. 17 and RFP No. 14, Plaintiffs must produce documents and information concerning each named Plaintiff's "health and prescription drug coverage plan[s]." (*Id.* at 57:16-17, 61:4-7 ("information related to their [Plaintiffs'] respective health plans should be produced.")

2. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

3. Plaintiffs must serve supplemental responses to Defendants' initial discovery requests by <u>January 16, 2017</u>.

4. Counsel must conduct the E-Discovery conference required by L. Civ. R. 26.1(d) by <u>January 30, 2017</u>.

5. The deadline to complete party depositions relating to class certification is extended to <u>April 30, 2017</u>.

6. The deadline to complete third party discovery relating to class certification is extended to <u>June 30, 2017</u>. No third party discovery relating to class certification is to be issued or conducted after this date.

7. Counsel must meet and confer in a good faith attempt to resolve any discovery or case management dispute before bringing such dispute to the attention of the Court. Any unresolved dispute must be brought to the Court's attention <u>promptly</u> by letter to the undersigned. Failure to timely raise a discovery dispute may result in a waiver.

8. No discovery motion shall be made without prior leave of the Court.

9. Plaintiffs' expert report on class certification must be served by <u>August 15, 2017</u>. Any such report shall be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

10. Defendants' expert report on class certification must be served by <u>September 22, 2017</u>. Any such report shall be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

11. Expert depositions must be completed by <u>October 20, 2017</u>.

12. The Court will conduct telephone status conferences on <u>April 10, 2017</u> at <u>10:30 A.M.</u> and <u>October 10, 2017</u> at <u>2:00 P.M.</u> Defense counsel will initiate these calls. During the latter call, the Court will set a schedule for *Daubert* motions and/or class certification.

13. If the conference is to be conducted via "dial-in", counsel are instructed to call Chambers after all participants are on line.

14. The Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of counsel. Failure to appear at subsequent conferences, or to comply with any of the terms of this Order, may result in sanctions.

15. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of the Court, even with consent of all counsel.

16. The parties must revise the Discovery Confidentiality Order to include a provision concerning the plaintiffs' use of the confidential documents produced by the defendants in their investigation and discovery in the case. The new provision in the Discovery Confidentiality Order will provide as follows:

    a. For the purposes of this Section, a third party individual or company who has signed and agreed to be bound by the Agreement to be Bound by Discovery Confidentiality Order (attached as Exhibit A to the Discovery Confidentiality Order, Dkt. 76 ("Agreement to be Bound by Discovery Confidentiality Order")) will be defined as a "Third Party." As part of investigation or discovery in the case, any Third Party may be shown any documents, information, or thing designated Confidential if the Third Party authored or received a copy of it, was involved in the subject matter described therein, is aware of the information described therein, or is or was employed by the party who produced the information, document or thing (the "Third Party Specific Confidential Information"). The party intending to disclose the Third Party Specific Confidential Information to the Third Party (the "Disclosing Party") will give prior notice to the party that designated the Third Party Specific Confidential Information as Confidential (the "Designating Party"). The Designating Party will have 3 business days to review the request, determine whether the Confidential

information is in fact Third Party Specific Confidential Information, and, to the extent the document contains both Confidential information and Third Party Specific Confidential Information, will direct the Disclosing Party to redact any Confidential information that is not Third Party Specific Confidential Information (the "Non-Third Party Specific Confidential Information"). Subject to accurate redaction of the Non-Third Party Specific Confidential Information and provision of a copy of Exhibit A signed by the Third Party, after 3 business days, the Disclosing Party will be allowed to use the Third Party Specific Confidential Information with the Third Party in investigation and discovery in the case, and the Designating Party will be deemed to have only waived an objection to the use of Third Party Specific Confidential Information with the Third Party.

_____
DOUGLAS E. ARPERT
United States Magistrate Judge