# GAINEY McKENNA & EGLESTON

ATTORNEYS AT LAW
e-mail: info@gme-law.com

| | |
|---|---|
| 95 ROUTE 17 SOUTH<br>SUITE 310<br>PARAMUS, NEW JERSEY 07652<br>TEL: (201) 225-9001<br>FAX: (201) 225-9002 | 440 PARK AVENUE SOUTH<br>FIFTH FLOOR<br>NEW YORK, NEW YORK 10016<br>TEL: (201) 225-9001<br>FAX: (201) 225-9002 |
| **Please Reply to Paramus Address** | **Please Reply to Paramus Address** |

April 7, 2017

**Via Facsimile: (609) 989-0451**
**and Via ECF**
Magistrate Judge Douglas E. Arpert
Clarkson S. Fisher Federal Building
& U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re: Status Conference Scheduled for April 10, 2017
         Fenwick, et al. v. Ranbaxy, et al.
         Case No.: 12-CV-07354-PGS-DEA
         Our File No.: 170.187

Dear Honorable Judge Arpert:

  Our law firm represents the plaintiffs in the captioned class action case. There is a Status Conference scheduled for Monday, April 10, 2017, at 10:30 a.m. We are writing to update you on the status of the case. We sent a draft of this letter to the defendants before filing it and they advised us that they will file a separate letter.

  **Depositions:** The deadline for depositions of parties is April 30, 2017. The plaintiffs served a 30(b)(6) deposition notice on March 18th which listed 25 topics. The defendants initially sent an e-mail rejecting the notice in its entirety. Counsel then met and conferred, after which the defendants sent a letter objecting to the 30(b)(6) notice. They objected to 23 of the 25 topics listed in the 30(b)(6) notice. The plaintiffs maintain that there is no merit to most of the objections and that the defendants are delaying the case and preventing discovery from moving forward. Among the meritless objections are the following:
1) an objection to the dates we proposed;
2) an objection to the location of the deposition (plaintiffs' counsel's office);
3) an objection because some of the topics are "duplicative" of other topics on the list;
4) an objection to the all of the deposition topics because the information sought is more appropriately sought through interrogatories;
5) an objection to the term "35 customers to whom the defendants shipped the recalled pills" (this objection is asserted on 8 of the topics);
6) an objection to a request for a witness with knowledge of the records "relating to the 35 customers and their accounts";

7) an objection to a request for a witness with knowledge of the "number of bottles of the recalled pills (broken down by dosage and number of pills in the bottles) that were shipped out to the 35 customers and the number of bottles that were returned";
8) an objection to a request for a witness with knowledge of the records "relating to the shipment of the recalled pills by the 35 customers, including a breakdown by lot number, bottle size, and dosage";
9) an objection to a request for a witness with knowledge of the records "relating to the return of the recalled pills by the 35 customers, including a breakdown by lot number, bottle size, and dosage";
10) an objection to a request for a witness with knowledge of the records "relating to the any of the recalled pills that were not returned by the 35 customers, including a breakdown by lot number, bottle size, and dosage";
11) an objection to a request for a witness with knowledge of the "representations made by the defendants to the FDA or to consumers at any time concerning the defendants' generic Atorvastatin pills of the type involved in the recall, including any implied or express warranties made by the defendants to the FDA or to consumers";
12) an objection to a request for a witness with knowledge of "information or documents concerning the recall that the defendants or their agents compiled after the defendants' final report to the FDA several years ago";
13) an objection to a request for a witness with knowledge of "information or documents about the defendants' employees who were in charge of or who were involved in contacting, following up with, or interacting with, the 35 customers about the recall, the return of the pills, and any credits or refunds";
14) an objection to a request for a witness with knowledge of "the identities of the person or persons who provided information for the defendants' interrogatory answers and discovery responses"; and
15) an objection to a request for a witness with knowledge of "the labels and other product information produced by the defendants as pages FEN109 to FEN116 and other labels and product information that the defendants provided to the FDA or consumers".

It is the plaintiffs' position that there is no merit to the objections and that the defendants are blocking the plaintiffs' right to conduct discovery in the case. These issues should be addressed during the conference on April 10th.

**Revised Scheduling Order:** Your Honor issued an Order after the January 9th Court Conference. We subsequently requested that you sign a Revised Scheduling Order to address specific issues that we discussed in our letter to you. The defendants did not oppose our request. You eventually instructed us to submit a Revised Scheduling Order including the issues addressed in our letter to you. Suddenly, the defendants decided that they opposed our request for a Revised Scheduling Order. As a result, both sides submitted letters and proposed orders to Your Honor on March 6th. The plaintiffs believe that their proposed order, which was submitted as Docket Number 97-1, should be signed whereas the defendants believe that their proposed order, which was submitted as Docket Number 96-1, should be signed. These issues should be addressed during the conference on April 10th.

**Discovery Disputes:** There are other discovery disputes that the parties are attempting to work through without the Court's involvement. It is unclear at this time whether the parties will be able to reach an agreement on those issues.

**Discovery Deadlines:** As noted above, the deadline for depositions of parties is April 30th. The plaintiffs served a 30(b)(6) deposition notice on the defendants for April 12th and April 14th but the defendants rejected the dates (and asserted numerous objections as described above). We are waiting for them to propose new dates for the depositions. It is unknown whether they intend to produce witnesses before the April 30th deadline.

The deadline for non-party discovery, including the depositions of the 35 companies to whom the defendants shipped the recalled pills, is June 30th. The parties need the Revised Scheduling Order to be signed in order to be able to move forward with the non-party investigation and discovery because the Order addresses the revisions to the Discovery Confidentiality Order, which impact the non-party investigation and discovery. It is unknown whether the non-party discovery can be completed by June 30th.

Thank you for your time and consideration in this matter.

Respectfully yours,

**GAINEY McKENNA & EGLESTON**

Barry J. Gainey

BJG/dxg

cc: All counsel
    (Via e-mail)