# PATUNAS LAW LLC

Michael E. Patunas
mpatunas@patunaslaw.com

April 7, 2017

**VIA ECF**

Hon. Douglas E. Arpert, U.S.M.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *Fenwick, et al. v. Ranbaxy Laboratories, LTD., et al.*, No. 3:12-cv-7354 (PGS)

Dear Judge Arpert:

    This firm, together with Kirkland & Ellis LLP, represents Defendants in the above-captioned matter.  This letter responds to Plaintiffs' letter to the Court, which they filed today (Dkt. 99, the "Letter"), to update the Court on the status of the case.

    **Depositions.**  Plaintiffs' summary of the parties' discussions with respect to Rule 30(b)(6) depositions is inaccurate.  Plaintiffs served a notice of Rule 30(b)(6) deposition on Saturday, March 18, setting forth twenty-five deposition topics.  On Tuesday, March 21, Defendants contacted Plaintiffs, advising that the list of topics was objectionable and unreasonable for a variety of reasons (including, for example, that many of the topics were targeted toward merits discovery rather than class certification discovery).  Defendants did not "reject[] the notice in its entirety," as Plaintiffs contend.  (Letter at 1.)  Instead, Defendants asked whether Plaintiffs would consider serving a revised list of Rule 30(b)(6) topics, so that the parties could try and resolve this issue without having to burden the Court with yet another discovery dispute, and proposed a meet and confer.  The parties met and conferred on Wednesday, March 22, at which point Defendants further detailed their concerns about Plaintiffs' Rule 30(b)(6) notice, and again asked whether Plaintiffs would consider narrowing their request.

    Plaintiffs refused to do so.  Defendants then served their responses and objections to Plaintiffs' Rule 30(b)(6) notice on Wednesday, March 29—just a week later, and well in advance of Defendants' deadline to respond to the notice.  A copy of Defendants' responses and objections to Plaintiffs' Rule 30(b)(6) notice is attached as Exhibit A for the Court's convenience.  Plaintiffs' assertion that Defendants objected "to 23 of the 25 topics listed in the 30(b)(6) notice" (Letter at 1) is misleading.  Defendants objected to Plaintiffs' topics as appropriate, and in line with the objections that Defendants had raised to Plaintiffs in prior correspondence and during the meet-and-confer; subject to those objections, Defendants have agreed to produce witnesses on *eighteen* out of the twenty-five noticed topics.  The topics on which Defendants will not produce a witness are topics which plainly relate solely

**PATUNAS LAW** LLC

Hon. Douglas E. Arpert, U.S.M.J.
April 7, 2017
P a g e | **2**

to merits discovery (*e.g.*, Topics Nos. 2-3),[1] topics that seek irrelevant information, or both.  (*E.g.*, Topics Nos. 24-25.)

With respect to scheduling of the Rule 30(b)(6) depositions, Defendants are still in the process of completing their document production.  Defendants anticipate being able to complete the production in the near future, and will then make their witnesses available for 30(b)(6) and fact witness depositions after document production has been completed and after providing a reasonable time for Plaintiffs' counsel to review that production.  Given the current status of the case, Defendants would not object to a short extension of the current deadline for fact discovery by one month (from April 30 to May 31, 2017), with the goal of making Defendants' witnesses available for depositions in early- to mid-May.  Defendants are mindful of the Court's prior direction to both sides to move this case forward, and will work expeditiously to avoid any further delays.

**Revised Scheduling Order.**  Plaintiffs' contention that Defendants did not initially oppose their proposed Revised Scheduling Order but then "[s]uddenly" decided to oppose it (Letter at 2) is incorrect.  As Defendants previously explained, the Court had not asked the parties to submit a proposed Order, which is why after Plaintiffs submitted their unilateral proposal, Defendants awaited further guidance from the Court before submitting anything further.  (Dkt. 96 at 1.)  As set forth in more detail in Defendants' March 6, 2017 letter (Dkt. 98), Defendants' view is that the transcript of the January 9, 2017 conference adequately reflects the Court's rulings with respect to Plaintiffs' and Defendants' discovery obligations; thus, there is no need to enter a separate Revised Scheduling Order.  To the extent the Court may be inclined to issue such an order, however, Defendants submit that their March 6, 2017 proposal (Dkt. 96-1) should be adopted because it more accurately reflects the Court's rulings than Plaintiffs' proposal.

**Discovery Deadlines.**  As noted above, given the current status of the case, Defendants would not object to a one-month extension of the deadline for fact discovery to allow both sides to complete depositions.

With respect to third-party discovery, Plaintiffs and Defendants had prior discussions about Plaintiffs using redacted versions of certain of Defendants' documents with non-parties (subject to certain other conditions and restrictions).  Defendants set forth the conditions under which they would not object to Plaintiffs' use of such documents with non-parties, consistent with the Court's ruling at the January 9, 2017 conference, in their March 6, 2017 submission to the Court.  (Dkt. 96-1 at 3-4.)  To be clear, as Defendants previously advised Plaintiffs, Defendants do not object to Plaintiffs' use of documents with non-parties on the conditions set forth in that submission.

---

[1] Even with respect to these topics, Defendants had advised Plaintiffs that "if Plaintiffs wish to propose a narrower version of this Topic limited to class certification issues only, Defendants will consider that proposal."  (Ex. A, Responses to Topics Nos. 2 and 3.)  Plaintiffs have not proposed narrower topics.

PATUNAS LAW LLC

Hon. Douglas E. Arpert, U.S.M.J.
April 7, 2017
P a g e | 3

      Defendants would be glad to provide any additional information that may be helpful to the Court, and look forward to discussing these issues on Monday's conference.

                        Respectfully,

                        */s/ Michael E. Patunas*

                        Michael E. Patunas

cc:    All Counsel of Record (Via ECF)

24 Commerce Street, Suite 606, Newark, New Jersey 07102 • P: (973) 396-8740 • F: (973) 396-8743