# GAINEY McKENNA & EGLESTON

**ATTORNEYS AT LAW**
e-mail: info@gme-law.com

| | |
|---|---|
| 95 ROUTE 17 SOUTH<br>SUITE 310<br>PARAMUS, NEW JERSEY 07652<br>TEL: (201) 225-9001<br>FAX: (201) 225-9002 | 440 PARK AVENUE SOUTH<br>FIFTH FLOOR<br>NEW YORK, NEW YORK 10016<br>TEL: (201) 225-9001<br>FAX: (201) 225-9002 |
| Please Reply to Paramus Address | Please Reply to Paramus Address |

May 3, 2017

**Via Facsimile: (609) 989-0451**
**and Via ECF**
Magistrate Judge Douglas E. Arpert
Clarkson S. Fisher Federal Building
& U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

        Re:    Plaintiffs' Letter Concerning Discovery Problem
                and Requesting an Extension of Time --
                Fenwick, et al. v. Ranbaxy, et al.
                Case No.: 12-CV-07354-PGS-DEA
                Our File No.: 170.187

Dear Honorable Judge Arpert:

      Our law firm represents the plaintiffs in the captioned class action case. It is unfortunate that we have to write to Your Honor but we do so for two reasons: first, to address a problem that has arisen concerning discovery; and second, to request an extension of the current discovery schedule.

**Discovery Problem**

      The discovery problem involves the defendants' recent disclosure of approximately 20,000 pages of documents. The vast majority of the documents were on a CD that we received two days ago on Monday, May 1st. We are printing the documents from the CD's and we obviously have not had time to review them all. However, a review of randomly selected pages revealed that there are some, and perhaps many, documents that the defendants should have disclosed previously. The withholding of documents that should have been disclosed is improper and it has had a prejudicial effect on the plaintiffs. It should be addressed so that the behavior does not continue in this case.

      The case has been pending for several years and the defendants had previously disclosed 891 pages in discovery (95 of which were insurance policies). During the first part of April, the defendants disclosed another 526 pages to make the total disclosure 1,417 pages. With their letters of April 24th and April 27th, they sent CD's with 4,351 pages. Finally, with their letter of April 28th, which we received on Monday, May 1st, they sent a CD with 14,354 pages of documents. Some of

the documents produced are spreadsheets and the rest were produced in TIFF format. Every single page produced in TIFF format is a separate TIFF document.

To summarize, 18,797 pages were received after April 24th, with 14,354 of them being received two days ago on Monday, May 1st. To make it more unreasonable, the defendants did not identify the documents that are on the numerous CD's produced. There is no description or explanation of what the documents are or what interrogatories or discovery requests they are in response to. There is also no explanation of why the documents were not disclosed years ago when they should have been disclosed. It is inexcusable and, quite frankly, mind-boggling.

Among the newly disclosed documents that should have been disclosed previously are: (1) numerous communications with consumers about the recalled pills (the defendants previously answered interrogatories and discovery requests by stating that they do not maintain records of interaction with consumers); (2) documents that the defendants exchanged with the 35 companies to whom they shipped the contaminated pills (the defendants previously disclosed some documents but obviously not all of them); (3) Recall Response Form documents from retail level pharmacies concerning their return of contaminated pills, which we do not believe were previously disclosed[1]; (4) documents with the names of employees involved in the defendants' recall whose names had not been disclosed previously despite the fact that the plaintiffs served specific interrogatories and requests for documents about the names of employees involved in the recall; and (5) documents from, and relating to, the recall companies that the defendants hired to handle the recall for them.

The defendants have not explained why they withheld documents that they should have disclosed. When we called them about an extension of the discovery dates, they said that a lot of the documents that they just disclosed (and which were not previously disclosed) were summarized in their submission to the FDA so the failure to disclose the documents previously is not really important. Of course, we disagree. It goes without saying that a party cannot provide a summary of documents and withhold the documents themselves. The defendants' withholding of documents must be explained and addressed.

We called the defendants' counsel on Monday, May 1st, the day we received the final CD with 14,354 pages on it. We did not receive a call back so we called again on May 2nd. We told them that we need to extend the discovery dates in light of the massive disclosure of new documents. They told us that they needed to ask their clients whether they agree to the extension. Today, May 3rd, they e-mailed us and told us that the defendants are not willing to agree to an extension of the discovery dates.

In addition to refusing to agree to an extension of the discovery dates, the defendants informed us that they want the depositions of the 5 plaintiffs during the week of May 15th. We are going to check with our clients concerning their availability but it is obviously short notice and it will result in even less time to review and compare the 20,000 pages of documents that were disclosed.

In response to this letter, we anticipate that the defendants will argue that the plaintiffs just disclosed 581 pages of documents, which means that all parties are "in the same situation". That is wrong for several reasons. First, the disclosure of 581 new pages is very different from the

---

[1] The thousands of pages that the defendants just disclosed appear to include duplicates of some previously disclosed documents so it becomes even harder to piece the puzzle together.

disclosure of 20,000 new pages. More importantly, the documents that we just disclosed are not documents that we should have previously disclosed. 552 of the 581 pages that we just disclosed are documents that we received from the FDA as a partial response to a FOIA request. The documents were received long ago and are not responsive to any interrogatories or discovery requests served upon us. Nevertheless, we disclosed them and we informed the defendants that we are doing so to avoid any problems later if it is decided that they FDA documents might be used.[2] The remaining 29 pages that we just disclosed are: (1) documents that we just obtained from the plaintiffs' pharmacies after the Court ordered us to disclose documents for the entire year of 2012; and (2) other documents that the Court just ordered us to produce over our prior objections[3]. Thus, the argument that we anticipate the defendants making about our disclosure simply has no merit.

**Extension of Discovery Schedule**

In light of the discovery issues discussed above, we are requesting an extension of the discovery dates in the controlling Court Order. We are requesting an extension of 60 days for all of the dates in the Scheduling Order. The plaintiffs have a right to an adequate amount of time to review the massive amount of documents and information that we just received from the defendants. It would be unfair and prejudicial to force the plaintiffs to conduct discovery under the current schedule.

Another reason that an extension is needed is that we are still waiting for the defendants to advise us of which witnesses they will produce in response to our 30(b)(6) deposition notice that we served on March 18th. Our 30(b)(6) deposition notice selected dates and provided the defendants with a list of topics. The defendants objected, including an objection to the location and date of the depositions and numerous other baseless objections. Eventually, they told us that they will inform us of the dates that their witnesses are available but as of today we have not heard from them. As Your Honor knows, the deadline for party depositions is June 2nd (30 days from today) and we are still waiting for the defendants to provide us with some dates that work for their witnesses so we can check our availability. This is another reason that an extension is needed.

In conclusion, we request that the Court extend all of the dates in the current Scheduling Order by 60 days. We realize that you are not happy with the age of this case and the lack of progress to date.[4] It is unfortunate that we have to write to Your Honor today but we have no choice. The actions of the defendants have simply risen to the level of being unacceptable.

Of course, I will make myself available to discuss these issues with Your Honor. I will be travelling out of the State on Friday, May 5th, and Monday, May 8th, for my son's graduation from law school.

---

[2] We pointed out to the defendants that there are documents in the FDA file concerning the FDA's interaction with the defendants that the defendants did not disclose to us. We asked the defendants why they did not disclose those documents but the defendants did not respond to our inquiry. This suggests additional document withholding.

[3] We took steps to obtain pharmacy documents for all of 2012, which the plaintiffs did not have in their possession. We are still waiting to receive records from CVS for one of the plaintiffs. We told the defendants that the CVS records are coming soon. We also told the defendants that we are taking steps to obtain the plaintiffs' health insurance plans, which Your Honor just ordered us to produce if we have them. The plaintiffs did not have those records but we are voluntarily taking steps to obtain the records.

[4] It is worth noting that there were two motions to dismiss, which took well over a year to address, and the case was administratively terminated to allow time for the parties to discuss settlement, which delayed the case many months.

We thank you for your time and consideration in this matter.

                        Respectfully yours,

              **GAINEY McKENNA & EGLESTON**

                        Barry J. Gainey

BJG/dxg

cc: Defense Counsel
    (Via ECF)