# GAINEY McKENNA & EGLESTON

**ATTORNEYS AT LAW**
e-mail: info@gme-law.com

| | |
|---|---|
| 95 ROUTE 17 SOUTH<br>SUITE 310<br>PARAMUS, NEW JERSEY 07652<br>TEL: (201) 225-9001<br>FAX: (201) 225-9002 | 440 PARK AVENUE SOUTH<br>FIFTH FLOOR<br>NEW YORK, NEW YORK 10016<br>TEL: (201) 225-9001<br>FAX: (201) 225-9002 |
| **Please Reply to Paramus Address** | **Please Reply to Paramus Address** |

June 12, 2017

**Via Facsimile: (609) 989-0451**
**and Via ECF**
Magistrate Judge Douglas E. Arpert
Clarkson S. Fisher Federal Building
& U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re: Plaintiffs' Letter Concerning Adjourned
         In-Person Status Conference
         Fenwick, et al. v. Ranbaxy, et al.
         Case No.: 12-CV-07354-PGS-DEA
         Our File No.: 170.187

Dear Honorable Judge Arpert:

  Our law firm represents the plaintiffs in the captioned class action case. There was an In-Person Court Conference scheduled for this Wednesday, June 14th, at 10:00 a.m. This morning we received a Pacer notice that the conference has been adjourned to July 20th. We are writing to request that the conference be rescheduled for the original date, June 14th. If Your Honor is unavailable on June 14th, we request that it be rescheduled for another day this week or early next week.

  It is critically important that we appear in Court to update Your Honor on the status of the case and to make a record of the serious discovery problems and the need for an extension of time to conduct discovery. It would be unfair, unreasonable and prejudicial to the plaintiffs if we are not given an opportunity to be heard on those issues.

  We need the Court Conference to be held in the near future because the deadline for third-party discovery is June 30th, which is approaching quickly. The third-party discovery is very important in this case because we need to obtain a lot of information from the 35 companies to whom the defendants shipped the recalled pills. The third-party discovery is one of the issues that we planned on discussing with Your Honor at the In-Person Status Conference on June 14th. As is discussed below, we need more time to conduct the third-party discovery.

During the Telephone Court Conference with Your Honor on April 10, 2017, you directed the parties to continue with discovery and to conduct party depositions. The defendants' counsel said that they would be producing two or three witnesses for the 30(b)(6) depositions. You directed me to take those depositions and you said we would "circle back" after they were done.

In late April and early May, the defendants produced 19,323 additional pages of documents, including almost 900 new spreadsheets. On May 3rd, I requested an extension of the discovery schedule, which the defendants opposed in their May 4th letter. On May 15th, you denied the request for an extension and directed the parties to "proceed in accordance with the existing schedule". We did so.

Discovery has continued and most of the party depositions have been conducted. The depositions of 4 of the 5 plaintiffs were taken. They were conducted on May 17th, May 18th, May 24th (in Boston), and May 26th. The defendants produced two witnesses for deposition in response to our 30(b)(6) deposition notice. Those depositions took place on May 30th and June 2nd.[1]

It is our position that the defendants improperly withheld a substantial amount of important information and documents. There are numerous examples of documents that should have been produced to us long ago but were not produced until just before the depositions. This letter is not meant to describe all of the documents that the defendants withheld but one example is worth noting. There is a form document called a "Recall Response Form" which the companies who received the recalled pills used to identify how many bottles of pills the company was going to return. Those Recall Response Forms are obviously important to our efforts to track shipments, returns, and unreturned pills. The defendants initially produced approximately 57 of the Recall Response Forms. The defendants' subsequent production of documents, just before the depositions, included at least 200 additional Recall Response Forms. We questioned the defendants' deposition witness about the failure to produce all of those documents earlier. He agreed that the additional forms were either withheld or the initial search was poorly done. Either way, it is unacceptable.

In addition, the information and documents that the defendants produced cannot be deciphered and is in a useless format. When we raised those issues during Court conferences earlier in the case, the defendants argued that we should just question the defendants' witnesses about the documents at deposition. Even Your Honor wondered during one of the Court Conference whether we should just take 30(b)(6) depositions to have the defendants explain the documents to us. Well, when we took the defendants' depositions, the defendants' witness admitted that many of the spreadsheets given to us are unclear and thus useless. One example of how useless the documents are is the fact that the spreadsheets about the returned bottles of pills identify "Ranbax" as the returning entity for tens of thousands of the returned bottles. Obviously, Ranbaxy did not return tens of thousands of bottles to themselves so the documents do not make sense. They are useless and they make it impossible to track the returned pills. The bottom line is that the information about the

---

[1] The deposition of the fifth plaintiff was not conducted because she has medical problems involving a heart condition. Her doctor told her not to travel for a while and she was not physically ready to be deposed in Texas by June 2nd. The defendants initially refused to schedule her deposition after June 2nd but they just asked about her availability to be deposed so they may have changed their position.

returns of the recalled pills cannot be obtained from the spreadsheets produced to us. We planned on updating the Court on these issues during the Court Conference.

      We need time to obtain information from the defendants which is responsive and in a useable format. The deposition testimony of the defendants indicated that the information that we want is available in the defendants' computer systems. The defendant' witness produced to testify about computer issues said that the return information is in the defendants' computer system. He thinks it would be a simple request to produce information from the system about the returns from each of the 35 companies. He identified an employee in the I.T. Department who could do it. At the Status Conference, we intended to update Your Honor on these issues and to request an Order allowing our computer consultant to work with the defendants' I.T. Department to produce information about the returns that can be understood and used by us and our experts.

      We also need additional time to conduct the third-party discovery from the 35 companies that received the recalled pills. (That discovery actually involves more than 35 companies because some of the companies are wholesalers who sold to retailers and we need to track those bottles downstream to the retailers.) We need more time to conduct that discovery for two general reasons: (1) we need to obtain the information in a useful format from the defendants' computer systems about the returned bottles; and (2) the discovery from the 35 companies is time-consuming, although manageable.

      We have started our interaction with the 35 companies and some of the downstream retailers because of the time-pressure of the June 30th deadline. However, we can obtain the information from them more efficiently and more accurately once we have accurate information from the defendants 'computer system about the returned bottles. More importantly, we have a right to obtain that information from the defendants.

      Our interaction with the 35 companies to date has indicated that the information we need from them will be available but it is going to take time to obtain it all. The plaintiffs are entitled to have time to conduct that discovery. It is only fair and reasonable that we be allowed that time.

      To summarize, we request that the Court reschedule the In-Person Status Conference for June 14th as originally scheduled or for a day early next week. At the conference, we can address the open issues concerning discovery and discovery problems.

      We thank you for your time and consideration in this matter.

      Respectfully yours,

      GAINEY McKENNA & EGLESTON

      Barry J. Gainey

BJG/dxg
cc: Defense Counsel
    (Via ECF)