# PATUNAS LAW LLC

Michael E. Patunas
mpatunas@patunaslaw.com

April 9, 2018

**VIA ECF**

Hon. Douglas E. Arpert, U.S.M.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re: *Fenwick, et al. v. Ranbaxy Laboratories, LTD., et al.*, No. 3:12-cv-7354 (PGS)

Dear Judge Arpert:

  This firm, together with Kirkland & Ellis LLP, represents Defendants in the above-captioned matter. Discovery in this matter has long been over and the parties are currently in the process of briefing class certification. But on March 23, Plaintiffs nonetheless served new documents and a new declaration from one of the third-party entities that distributed the Atorvastatin at issue in this case, as well as new expert damages calculations based on this new discovery. Plaintiffs have also relied on these materials in their class certification brief. Defendants objected to these belated disclosures and have met and conferred with Plaintiffs in an effort to resolve this dispute, as required by Local Civil Rule 16.1(f). Those efforts were unsuccessful. Defendants now seek an order excluding Plaintiffs' belated third-party discovery and new expert opinions.

**I. Plaintiffs Produced New Documents and Expert Opinions Long After the Applicable Discovery Deadlines—Even After Those Deadlines Were Repeatedly Extended.**

  This Court is well familiar with the timeline of this case and the repeated extension of discovery that Plaintiffs previously requested and received. Those extensions are described more fully in Defendants' June 13, 2017 letter to the Court. (Dkt. 111 at 2.) Briefly, the original deadline for third-party discovery was set for December 22, 2016; it was then extended until June 30, 2017; and it was then extended again at Plaintiffs' request until September 15, 2017. (*See id.*; Dkt. 115.) As a result of Plaintiffs' requests for more time for discovery, the Court also extended the time for Plaintiffs to serve their expert report on class certification from August 15, 2017 to October 30, 2017, and extended the time for close of expert discovery from October 20, 2017 to January 10, 2018. (Dkt. 101; Dkt. 115.)

  Defendants opposed Plaintiffs' repeated requests for extensions, in part because Plaintiffs were not diligent in obtaining Atorvastatin-related purchase and sales data from the thirty-five third-party entities that distributed the Atorvastatin at issue in this case—and, indeed, Plaintiffs apparently did not even serve subpoenas on those entities until just weeks before the third-party discovery deadline. (Dkt. 111 at 2-3. And while the Court did grant Plaintiffs an extension over Defendants' objections, it also

# PATUNAS LAW LLC

Hon. Douglas E. Arpert, U.S.M.J.
April 9, 2018
P a g e | **2**

made clear that "[n]o further extensions will be permitted absent extraordinary circumstances." (Dkt. 115 at 2.)

The time for Plaintiffs to engage in any third-party discovery and to serve any expert opinions on class certification thus ended on September 15, 2017 and October 30, 2017, respectively—with no further extensions contemplated barring extraordinary circumstances. But Plaintiffs have nonetheless made belated disclosures. On March 23, Plaintiffs filed their motion for class certification. That same evening, Plaintiffs served the following on Defendants: (1) a production of data from third-party Express Scripts, Inc. (Express_Scripts_000004), one of the thirty-five companies that sold Atorvastatin at issue in this lawsuit; (2) a declaration from Eric Smither, an employee of Express Scripts, Inc., executed on March 21, 2018; and (3) a new damages opinion from Plaintiffs' class certification expert, consisting of a table calculating sales of Atorvastatin by Medco (a company affiliated with Express Scripts, Inc.) based on this belatedly-disclosed information. Plaintiffs' class certification motion relied on this data and the new expert opinions. (*See* Dkt. 124-16 at 10 (Medco damages table).)

None of these materials were timely produced. Accordingly, Defendants advised Plaintiffs on March 28 that they object to any reliance by Plaintiffs on any third-party discovery, declarations, or other materials produced after the discovery cut-off, and that Defendants also object to Plaintiffs' introduction of any new expert opinions based on such materials. The parties had a telephonic meet-and-confer on this issue on April 3, where Defendants proposed that the parties avoid motion practice by having Plaintiffs stipulate that they will not rely on these belatedly-disclosed materials and expert opinions. The parties were unable to resolve their dispute, however. Defendants held off on filing this letter until today at Plaintiffs' request, as Plaintiffs' counsel advised last week that he would be out of the office.

**II.    Plaintiffs' Belated Third-Party Discovery and New Expert Opinions Should Be Struck.**

Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Substantial justification means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *D&D Assocs., Inc. v. Bd. of Educ. of N. Plainfield*, 2006 WL 1644742, at \*4 (D.N.J. June 8, 2006).[1] Failure to disclose is harmless if "there is no prejudice to the party entitled to disclosure." *Id.*

In deciding whether exclusion "is an appropriate sanction for failure to comply with discovery duties, [courts] must consider four factors: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery

---

[1] Unless otherwise noted, all emphases have been added, and all citations, alterations, and internal quotation marks have been omitted.

# PATUNAS LAW LLC

Hon. Douglas E. Arpert, U.S.M.J.
April 9, 2018
P a g e | 3

obligation." *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000).[2] Plaintiffs' belated disclosure of third-party discovery and a new expert opinion warrants exclusion under these factors, and those disclosures are neither substantially justified nor harmless.

First, Defendants will be prejudiced if Plaintiffs are allowed to rely on new Atorvastatin-related data produced by a third-party entity and to also rely on a new expert opinion based on that data. Third-party discovery has been closed since September 15, 2017, and Plaintiffs could have obtained this data earlier had they been more diligent in pursuing third-party discovery. Plaintiffs' class certification expert has prepared a report based on (among other things) third-party data that had been produced before the discovery cut-off, and Defendants' expert prepared a responsive report based on that same data. Defendants then deposed Plaintiffs' expert on the opinions contained in his report. But expert discovery is now over, which means that Defendants have no opportunity to have their expert respond to Plaintiffs' new damages calculations, nor to depose Plaintiffs' expert on these new opinions. And the prejudice to Defendants is all the more unfair because Plaintiffs affirmatively rely on this new data and expert opinions in support of their motion for class certification. (Dkt. 124-16 at 10 (Plaintiffs' expert's table calculating alleged damages for "Medco Sales of Pills from an Inventory Pool That Contained Recalled Pills"); *see Bouder v. Prudential Fin., Inc.*, 2010 WL 2026707, at *4 (D.N.J. May 21, 2010) (finding prejudice where plaintiffs disclosed new expert opinions for the first time in opposing defendants' motion for summary judgment, and concluding that "[t]he tardy disclosure during summary judgment briefing is prejudicial.").)

The second and third factors are related here and likewise counsel exclusion. While at least some of the prejudice to Defendants (*i.e.*, factor 2) could ostensibly be mitigated—by, for example, postponing the deadline for Defendants to respond to Plaintiffs' class certification brief, and allowing Defendants to depose Plaintiffs' expert on this new opinion—doing so would create delays and run afoul of factor 3, *i.e.*, the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case. Plaintiffs filed this case over five years ago. (Dkt. 1.) After many delays and extensions, it is finally heading toward class certification briefing. In Defendants' view, Plaintiffs' class certification arguments are meritless, and so this case will very likely come to an end following the Court's ruling on the class certification motion. Defendants previously opposed Plaintiffs' requests for schedule extensions and are eager to see this case resolved. The prospect of derailing the current class certification briefing and reopening discovery is not appealing to Defendants, but it is also fundamentally unfair to allow Plaintiffs to inject new discovery and new expert opinions into this case as part of their class certification motion. Exclusion of Plaintiffs' belated evidence is not only an appropriate sanction, but it will also keep the case on its current schedule. *See Bouder*, 2010 WL 2026707, at *4 (finding that second and third factors counseled exclusion of belatedly-disclosed expert opinions where "[a]llowing Plaintiffs to rely upon [the expert opinion] would interfere with the pending motion," and where "Defendants would be unable to cure such prejudice without expending additional time, resources, and money," potentially "requir[ing] the reopening of expert discovery" and delaying the case).

---

[2] While the Third Circuit also noted that "exclusion of *critical* evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order," *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 791-92 (3d Cir. 1994), that is inapposite here because the evidence that Defendants seek to exclude is not critical to Plaintiffs' case.

PATUNAS LAW LLC

Hon. Douglas E. Arpert, U.S.M.J.
April 9, 2018
P a g e | **4**

      As to the fourth factor, Defendants do not contend that Plaintiffs exhibited "bad faith or willfulness in failing to comply with a court order or discovery obligation" with these belated disclosures. *See Nicholas*, 227 F.3d at 148.  It does bear noting, though, that to the extent Plaintiffs may argue that they did not receive subpoena responses from Medco before the discovery cutoff, that is a problem entirely of Plaintiffs' own making—because Plaintiffs did not even serve third-party subpoenas until about mid-June 2017, even though they had documents from Defendants since August 2016 that identified the third-party entities that had distributed the Atorvastatin at issue.  (*See* Dkt. 111 at 2-3.)

      Finally, as to whether Plaintiffs' belated disclosures were substantially justified and harmless—Plaintiffs, as "[t]he party who is alleged to have failed to comply with Rule 26 ha[ve] the burden of demonstrating substantial justification and harmlessness," and Defendants do not undertake that burden here.  *See D&D Assocs., Inc. v. Bd. of Educ. of N. Plainfield*, 2006 WL 1644742, at *4 (D.N.J. June 8, 2006).  Given Plaintiffs' lack of diligence in pursuing third-party discovery, however, it is difficult to see how they could prove substantial justification for these late disclosures.  And for reasons detailed above, the prejudice to Defendants is clear, and it means that these disclosures are not harmless.

      Defendants thus respectfully request that the Court issue an order barring Plaintiffs from relying on the materials and expert opinions identified above for class certification or any other purposes.  If Plaintiffs are willing to stipulate that they will not rely on any of these materials and opinions for any reason, Defendants will consider this matter resolved and will withdraw this motion.

      Respectfully submitted,

      */s/ Michael E. Patunas*

      Michael E. Patunas

cc:    All Counsel of Record (Via ECF)